hardship on the debtor and the debtor's dependents; ...

---

5. By way of explanation of Public Law 96–56, 93 Stat. 387, enacted August 14, 1979, the Senate Committee on the Judiciary, S.Rep. No. 96–230, 96th Cong., 2d Sess., 2–3, *reprinted* in [1979] U.S.Code Cong. & Admin.News, pp. 936–938, stated:

> The gap in coverage of a prohibition on the discharge in bankruptcy of loans made under the Guaranteed Student Loan Program resulting from the early repeal of section [439A] is very undesirable and totally inadvertent. Accordingly, section 1 of the bill

20 U.S.C. § 1087–3, would fly in the face of Congress' intended purpose. We hold that the premature repeal of that section is of no effect with respect to the proceedings below.

This decision by a prior panel of this court controls. Accordingly, we must hold that the premature repeal of 20 U.S.C. § 1087–3 has no effect on the Hogan bankruptcy proceedings. While this holding precludes an automatic discharge of Hogan's educational loans, it does not prevent his seeking relief under the undue hardship proviso of § 1087–3.

REVERSED and REMANDED for further proceedings consistent herewith.

Cipriano H. LOYA, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 83–1037
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 16, 1983.

David R. Rosado, Chief Asst. Dist. Atty., Odessa, Tex., for plaintiff-appellant.

Jasper C. Rowe, Asst. Reg. Atty., Dept. of H.H.S., Dallas, Tex., for defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The claimant, Cipriano H. Loya, contends on appeal that the district court erred in holding that there was substantial evidence in the record to sustain a denial of social security disability benefits. We affirm.

Loya filed his initial application for disability benefits pro se on April 30, 1979. The application was denied and Loya did not pursue his claim. He filed a second application for benefits, which was also denied. Loya's claims were heard de novo by an administrative law judge on August 21, 1980, by which time Loya had retained an attorney. The ALJ recommended a denial of social security benefits and the recommendation was approved by the appeals council on March 24, 1981.

Loya then sought judicial review of the administrative decision in the federal district court, pursuant to 42 U.S.C. § 405(g) (1976). The district court granted the Secretary's motion for summary judgment. Loya timely appealed.

At the time of the administrative decision, Loya was forty-eight years old. He has an eighth grade education and is literate in both English and Spanish. While he had held a variety of jobs before he applied for benefits, his area of expertise was in carpentry.

Loya claimed that he became unable to work as of April 21, 1978, because of injuries to his lower and upper back, cervical spine, collarbone, right shoulder and other physical problems including cardiomegaly, hypertension, and degenerative arthritis. He complained at the administrative hearing of pain all over his body as well as occasional dizziness and blurred vision.

Loya's 1978 injuries were not his first, and he submitted a number of medical reports in support of his application for benefits. Dr. Palafox had treated Loya in 1974. By October 24, 1974, the doctor reported restrictions on the claimant's ability to bend, stoop and lift heavy loads, but he thought that Loya could occasionally lift up to twenty pounds and could frequently lift ten. Dr. Hazarian permitted Loya to return to work as a night watchman in 1977.

Dr. Stratemeyer saw Loya in July, 1978, after the most recent injury, because the claimant had developed low back pain after lifting at work. While the doctor diagnosed Loya as having some muscle strain in his back, he observed that the claimant was not in "acute distress" and that his prognosis was good. Doctors Capen and Cavaretta examined Loya in 1979. Doctor Capen concluded that Loya was not capable of performing laboring work, and due to the claimant's "minimal education" and lack of "sophistication," the doctor stated that Loya was 100% disabled. Dr. Cavaretta arrived at a similar conclusion in light of the claimant's physical limitations and a report from Texas Vocational Rehabilitation that the claimant was not capable of rehabilitation.

The ALJ found that Loya was severely impaired but that he was capable of engaging in light work. Using Rule 202.17, Table 2, Appendix 2, of the Social Security Regulations, which establishes the availability of jobs for persons capable of light work, ages eighteen to forty-nine, with a limited education and prior unskilled work experience, the ALJ determined that the claimant was not disabled.

In reviewing the decision of the ALJ, we are limited to determining whether there was substantial evidence to support the decision that the claimant is not "disabled" as defined by the Social Security Act. *Olson v. Schweiker,* 663 F.2d 593, 595 (5th Cir. 1981). We may not reweigh the evidence or substitute our judgment for that of the Secretary. *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir.1980); *Laffoon v. Califano,* 558 F.2d 253, 254 (5th Cir.1977).

Further, the burden of proof is on the claimant to show the existence of a disability by proving that he is unable to engage in his previous occupation. 42 U.S.C. § 423(d)(1)(A), 2(A), (5) (1976); *Millet v. Schweiker,* 662 F.2d 1199, 1201 (5th Cir.1981); *Lewis v. Weinberger,* 515 F.2d

584, 586–87 (5th Cir.1975). Once this is established, the burden shifts to the Secretary to show that there is other substantial gainful employment that the claimant is capable of doing. *Millet, supra,* 662 F.2d at 1201; *Perez v. Schweiker,* 653 F.2d 997, 1000 (5th Cir.1981); *Ferguson v. Schweiker,* 641 F.2d 243, 246 (5th Cir.1981).

■ Loya's challenge to the ALJ's finding that he was capable of doing light work is based in part on the ALJ's reliance on the medical reports of Doctors Brandon, Stratemeyer and Licon, each of whom had only examined the claimant once when they wrote their reports. Loya contends that the ALJ improperly minimized the importance of the reports of the claimant's treating physicians, Doctors Capen and Cavaretta, both of whom concluded that the claimant was completely disabled. We find nothing improper in the ALJ's consideration of the various medical reports in this case.

■ As Loya correctly points out, it is settled law in this circuit that "[u]nless there is good cause shown to the contrary, the testimony of the treating physician must be accorded substantial weight." *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir.1980); *accord, Wiggins v. Schweiker,* 679 F.2d 1387, 1389–90 (11th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981). The ALJ in this case did not ignore the treating physicians' medical opinions and he had good cause for rejecting their conclusions that the claimant was 100% disabled. The ALJ carefully reviewed each doctor's findings. He then noted that with regard to the claimant's physical limitations, the physicians had stated only that the claimant could not engage in heavy or moderate work. Tr. at 20. The ALJ rejected the doctors' opinions that the claimant was completely disabled because the opinions were based on vocational, rather than medical, considerations. For example, Dr. Capen stated:

At the present time with all of these factors taking [sic] into consideration, I feel that this man with his *minimal education* and *minimal educability* is probably disabled from any kind of labor work.

Mr. Loya is not *sophisticated* enough to be able to do any other kind of work other than manual labor. In other words, he is only capable of using his back and not his brain.

Tr. at 221 (emphasis added). The ALJ was required to give substantial weight to the doctors' medical findings, not to their opinions about the actual availability of jobs for a person of limited physical ability and education. *See* 20 C.F.R. § 404.1527 (1982).

Loya maintains that the ALJ's treatment of the physicians' opinions was inconsistent because the ALJ accepted Dr. Brandon's opinion that the claimant was "capable of performing light and certain moderate physical activities." Tr. at 193. The claimant incorrectly characterizes this statement as a "vocational" opinion. Dr. Brandon's conclusion about Loya's ability to perform light work, like Dr. Capen's conclusion about Loya's inability to perform manual labor, was a statement about the claimant's physical capacity.

■ Loya argues further that he was incapacitated by severe pain. An ALJ must consider a claimant's subjective symptoms as well as the objective medical evidence, and those symptoms may support a finding of disability even without support from any objective medical data. *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981); *De Paepe v. Richardson,* 464 F.2d 92, 99–100 (5th Cir.1972). The ALJ is not required, however, to give subjective evidence precedence over medical evidence, nor is all pain disabling. *Fortenberry v. Harris,* 612 F.2d 947, 950 (5th Cir.1980); *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir.1977).

■ The ALJ expressly considered the claimant's subjective complaints of pain; indeed, the ALJ stated that he had "no desire to minimize claimant's discomfort." Tr. at 20. The judge was not convinced by the claimant's manner and demeanor, however, and he concluded that the "claimant's allegations of pain of such severity so as to preclude light work ... [were] not ... credible." *Id.* at 21. The claimant complained of aches and pains all over his body, but even Dr. Capen found that the claimant was not experiencing significant pain in one

of the areas that the claimant complained about most—his neck. Dr. Brandon believed that Loya's complaints were excessive in light of the doctor's objective findings. Tr. at 193. The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled. *Laffoon, supra.* Our review of the record does not indicate that the ALJ's findings with respect to the disabling nature of the claimant's pain were unsupported.

While there was some conflict in the physicians' ultimate conclusions about the extent of Loya's disability, such conflicts are properly resolved by the trier of fact. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Laffoon,* 558 F.2d at 254–55. Even Doctors Capen and Cavaretta did not state that Loya was incapable of performing light work. Accordingly, we hold that the ALJ's finding that the claimant was capable of performing light work is supported by substantial evidence.

Finally, Loya contends that the Secretary failed to meet her burden of demonstrating that he was capable of engaging in substantial gainful activity.[1] The ALJ determined that Loya was not disabled on the basis of Rule 202.17, Table 2, Appendix 2, which provides that a younger individual with a limited education and a work history of unskilled labor, who is capable of performing light work, is not disabled. We have upheld the use of the medical-vocational guidelines in making a disability determination as long as the claimant's characteristics exactly coincide with all of the factors considered in the tables. *Thomas v. Schweiker,* 666 F.2d 999, 1003 n. 7 (5th Cir.1982); *Salinas v. Schweiker,* 662 F.2d 345, 349 (5th Cir.1981). Since Loya's characteristics did coincide with or were superior to all of the

factors in rule 202.17, the ALJ's use of the guidelines was not in error.

The regulations define a "younger individual" as a person under age 50, 20 C.F.R. § 404.1563(b) (1982); Loya was forty-eight at the time of his hearing.[2] He is literate in both English and Spanish, has an eighth grade education, and had previously engaged in unskilled labor. We have already held that the ALJ's finding that Loya could perform light work was supported by substantial evidence, and Loya has not demonstrated that he suffered from any nonexertional limitations that would preclude the use of the tables. *See Thomas, supra,* 666 F.2d at 1003–04.[3]

Since our review of the record indicates that the ALJ's findings were supported by substantial evidence, we affirm the district court's decision.

AFFIRMED.

---

1. The ALJ found that Loya could not perform his previous work and that finding is not contested by the Secretary. Therefore, the burden was on the Secretary to show that the claimant was capable of engaging in substantial gainful activity. *See Perez, supra,* 653 F.2d at 1000.

2. Even if Loya were now classified as a person "closely approaching advanced age," 20 C.F.R.

§ 404.1563(c) (1982) (age 50–54), the tables would indicate that he is not disabled. Rule 202.10, Table 2, Appendix 2.

3. Loya complained of occasional dizziness and blurred vision, but he admitted that this problem was alleviated when he wore his glasses.