Forest BABINEAUX, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–4438.

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1984.

Young & Burson, Joseph Bradley Orte-
go, I. Jackson Burson, Jr., Eunice, La.,
for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., Dospite
H. Perkins, Jr., Shreveport, La., Charlene
Seifert, Dallas, Tex., for defendant-appel-
lee.

Before REAVLEY, JOHNSON and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Forest Babineaux appeals the termination of his disability insurance benefits [1] by the Secretary, contending that the findings of the administrative law judge (ALJ) were not supported by substantial evidence, that the magistrate erroneously imposed on Babineaux the burden of showing that he could not perform sedentary work, and the ALJ failed to give adequate consideration to the effects of his medication on his ability to work. We affirm.

## I.

Forest Babineaux, a 45-year-old man with a seventh-grade education, worked as a carpenter until 1978, when he fractured several back vertebrae in a work related accident. Shortly afterwards, he was diagnosed as having a hiatal hernia and duodenal ulcer. The combination of these impairments led the ALJ to award disability benefits on June 28, 1979. Because the ALJ did not think these impairments would continue, however, he scheduled a review of Babineaux's condition a year later. Upon this review, the same ALJ terminated Babineaux's benefits, finding that his disability ceased on March 31, 1981. He concluded that, although Babineaux could not perform his prior work as a carpenter, he was capable of performing sedentary work.

## II.

The claimant bears the burden of proving that he is disabled and cannot perform his prior work. *Loya v. Heckler,* 707 F.2d 211, 213 (5th Cir.1983); *Green v. Schweiker,* 694 F.2d 108, 110 (5th Cir.1982), *cert. denied,* 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). Once his disability is established, the burden shifts to the Secretary to show that there is other substantial gainful employment that the claimant is capable of doing.[2] *Loya,* 707 F.2d at 214; *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983); *Dorsey v. Heckler,* 702 F.2d 597, 603 (5th Cir.1983). There seems to be no question in this case that Babineaux's back injury precludes him from performing his prior work as a carpenter. The only question is whether he has the residual functional capacity to do sedentary work. *See* 20 C.F.R. § 404.1505(a) (1983).

Having previously been found to be disabled, Babineaux is entitled to a presumption of continued disability, absent additional evidence of his ability to do gainful work. *Buckley v. United States,* 739 F.2d 1047 at 1049 (5th Cir.1984); *see Rivas v. Weinberger,* 475 F.2d 255, 258 (5th Cir. 1973); *accord Patti v. Schweiker,* 669 F.2d 582, 586 (9th Cir.1982). This presumption requires the Secretary to come forward with additional [3] evidence tending to rebut the presumption of disability. *Cassiday v. Schweiker,* 663 F.2d 745, 747 (7th Cir.1981).

In this case the Secretary obtained the evaluations of Dr. Charles Craycraft, Dr. Fred Webre, Dr. Daniel Buller, and Dr.

---

**1.** Disability insurance benefits are available under 42 U.S.C.A. §§ 416(i), 423 (1983); 20 C.F.R. §§ 404.1–404.2127 (1983), to those who are insured under this program.

**2.** Babineaux contends that the trial court and magistrate erred by not shifting to the Secretary the burden of proving that he could perform other work in the economy. The magistrate stated in his Report and Recommendation, adopted by the district court, that "[i]n the case at hand, the claimant has not carried his burden of showing that his impairment precludes him from finding employment in the national economy." This is clearly in error under *Loya* and *Green.* We find the error harmless, however, in light of the fact that the ALJ properly shifted the

burden to the Secretary, relying on the "grid," 20 C.F.R. subp. P, App. 2, §§ 200.00–204.00 (1983), to take notice of existing jobs that a person with claimant's qualifications could fill. *See Salinas v. Schweiker,* 662 F.2d 345, 349 (5th Cir.1981).

**3.** We reject the contention that the Secretary must offer substantial evidence to overcome the presumption. The statute places on the claimant a continuing burden of proving his disability, *Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), and claimant must carry this burden in cases terminating benefits as well as in initial disability determination cases. *Crosby v. Schweiker,* 650 F.2d 777, 778 (5th Cir.1981).

Frazer Gaar. Two of these physicians evaluated Babineaux's capacities to do other types of work. All provided new evidence of the claimant's current physical condition. We find this evidence sufficient to meet the Secretary's burden of coming forward.

■ We must determine only whether the ALJ's finding that Babineaux can perform sedentary work is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1429, 28 L.Ed.2d 842 (1971).

Claimant's hernia and ulcer have apparently been corrected by surgery or medication and no longer approach the level of severity required to make him disabled. The dispute is over the severity of Babineaux's back injury. Reports of physicians produced a conflict in evidence on this point. Dr. Fred Webre, an orthopedic surgeon, examined Babineaux and concluded that he was incapacitated due to his back and could not lift objects weighing over twenty pounds. Dr. Craycraft, an orthopedic surgeon, completed a functional capacities evaluation based on his review of the medical evidence and concluded that Babineaux could perform "light" work. He determined that Babineaux could sit, stand, or walk eight hours a day and lift up to twenty pounds frequently. A person with these capabilities would be capable of performing sedentary work under the Secretary's guidelines and would not be entitled to disability insurance payments. *See* 20 C.F.R. Subp. P, App. 2 Rule 201.25 (1983). Dr. Frazer Gaar, Babineaux's treating physician, examined the claimant for the insurer of Babineaux's former employer and found that his back pain and stiffness did not seem to be severe and that bedrest and heat treatments should alleviate any future discomfort. He concluded that Babineaux could lift up to twenty pounds regularly, but that he could sit, stand, or walk only one hour a day. Dr. Daniel Buller, who also reported to the insurer of Babineaux's former employer, concluded that Babineaux's condition was unchanged.

■ We may not reweigh the evidence or substitute our judgment for that of the Secretary, *Loya v. Heckler,* 707 F.2d at 213, since that is the responsibility of the ALJ. *Jones v. Heckler,* 702 F.2d at 621. The ALJ in this case gave greater credibility to the opinions of the consulting physicians Webre and Craycraft, rather than to the treating physicians Buller and Gaar. Ordinarily, the treating physician's opinion is given greater weight. *Loya v. Heckler,* 707 F.2d at 214; *Bowman v. Heckler,* 706 F.2d 564 at 567 (5th Cir.1983); *Dorsey v. Heckler,* 702 F.2d at 603. It is clear from the record, however, that the ALJ carefully considered the opinions of all four physicians; he may give greater weight to the opinions of the examining physicians because they are specialists. *E.g., Dorsey,* 702 F.2d at 603. The testimony of Dr. Gaar that Babineaux's pain was not severe, and could be treated when it occurred with rest and heat, supports the ALJ's conclusion that Babineaux could perform sedentary work and undercuts his assessment that Babineaux could sit, stand, or walk only one hour a day. Babineaux's own testimony shows that he stands two hours at a baseball game before he has to change positions. He sought employment but refused to take the required physical examination. Furthermore, the statements of the treating physicians were made to the insurer of Babineaux's employer and were presumably for purposes of determining worker's compensation disability rather than social security disability, which employs different criteria.

■ Where there is only *some* conflict in the conclusions of physicians, the ALJ must resolve the dispute. *Loya v. Heckler,* 707 F.2d at 214. We find substantial evidence to support his finding that Babineaux could perform sedentary work. Similarly, we find that the ALJ gave adequate consideration to the effects of Babineaux's medication upon his ability to perform light work. The record shows that the ALJ ful-

ly investigated the types of medication and their effect on his performance.

AFFIRMED.