**Elmer G. JOHNSON,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services,**
**Defendant-Appellee.**

No. 84–5016
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1985.

Kearby Peery, Wichita Falls, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Wayne Hughes, Asst. U.S. Atty., Fort Worth, Tex., Karen J. Behner, Atty., Dallas, Tex., for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An applicant for Social Security disability and supplemental security income (SSI) benefits appeals a determination that he was not disabled within the meaning of the statute. Although the applicant has submitted evidence of a deterioration in his condition subsequent to the Secretary's decision that might support a determination of present disability, we affirm the district court's judgment because there was substantial evidence on the record before the Secretary, considered as a whole, to support the denial of benefits, leaving the applicant the possible remedy of initiating a new application.

Elmer Johnson applied for disability and SSI benefits under the Social Security Act [1] in November, 1981. He contended that he was totally unable to work because of a heart condition, gout, and liver ailments. After his application was denied, Johnson requested a hearing *de novo* before an administrative law judge. The hearing was held in October, 1982, and, in January, 1983, the ALJ denied the claim, finding that, while Johnson suffered from alcoholic liver disease, anemia, hypertension, and gout, and was unable to return to his prior work as a forklift operator, he was capable of performing sedentary work. The ALJ also concluded that Johnson had failed to establish that he was suffering from pain of such severity as to preclude his performing sedentary work.

The Social Security Appeals Council denied the request for review, and the federal district court in turn found substantial evidence in the record to support the ALJ's finding that Johnson had the capacity to perform sedentary work and that, giving proper consideration to his residual functional capacity, age, education, and work experience, he was not disabled for the

1. 42 U.S.C. §§ 401 *et seq.*, §§ 1381 *et seq.*

purpose of obtaining Social Security disability and supplemental income benefits.

■ While the ALJ did not explicitly find that Johnson could not perform his prior work, the findings reach that conclusion inferentially and we therefore consider the record as if the ALJ had concluded expressly that Johnson was unable to do so.[2] This being established, the burden of proof shifted to the Secretary to show that there was other substantial gainful employment that Johnson could perform.[3] The record supports the ALJ's findings that, at the time of the hearing in 1982, Johnson was capable of performing sedentary work and that such work was available. While all of the doctor's reports indicated that Johnson had serious and chronic health problems, several medical statements support the ALJ's finding. One doctor stated, "[s]uitable placement in a non-manual job would be required for rehabilitation," indicating his belief that Johnson could perform sedentary work. Another doctor treated Johnson and released him with "no limitation of activity." While this does not indicate that Johnson could return to strenuous work, it provides substantial basis for an inference that the doctor meant that Johnson might return to the activities required for sedentary work. Moreover, there was medical evidence that Johnson's heart condition had improved over the course of treatment prior to the disability hearing and that his physical symptoms were inconsistent with severe liver dysfunction. Johnson said his movements were restricted, but there was medical evidence to the contrary.

■ The ALJ did give consideration to Johnson's complaints of pain. While an ALJ must consider an applicant's subjective complaints of pain, he is permitted to examine objective medical evidence in testing the applicant's credibility. He may find, from the medical evidence, that an applicant's complaints of pain are not to be credited or are exaggerated.[4] Based on his evaluation of the evidence, including his assessment of the credibility of the applicant, he may conclude that the applicant's pain is not of such severity as to prevent all substantial gainful activity.[5] The ALJ concluded that "in this case, there are simply no clinical findings which could support the degree of pain alleged by Mr. Johnson." The statute demands that our review of these findings be deferential,[6] and we are unable to say that any of them lacked substantial evidentiary support.

Once the ALJ concluded that Johnson was capable of performing sedentary work, the regulations permit him to rely upon the regulatory vocational guidelines to determine whether such work was available to the applicant without hearing expert vocational testimony.[7] As we stated in *Jones,*[8] "[w]hen findings of fact are made as to the claimant's age, education, transferability of skills, work experience, and residual functional capacity, and these coincide with the criteria of a rule in the vocational regulations, that rule 'directs a conclusion as to whether the individual is or is not disabled.'"[9] The ALJ followed precisely this course.

■ For these reasons, the ALJ's decision, that at the time of the hearing Johnson could perform sedentary work and,

2.  *E.g. Babineaux v. Heckler,* 743 F.2d 1065, 1067 (5th Cir.1984); *Dorsey v. Heckler,* 702 F.2d 597, 602–03 (5th Cir.1983).

3.  *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir. 1983).

4.  *Jones v. Heckler,* 702 F.2d 616, 621–22 (5th Cir.1983); *Babineaux v. Heckler,* 743 F.2d 1065, 1068 (5th Cir.1984); *Dorsey v. Heckler,* 702 F.2d 597, 603 (5th Cir.1983); *Carter v. Heckler,* 712 F.2d 137, 141–42 (5th Cir.1983).

5.  *Dorsey, id.* at 604; *Jones, id.* at 621–22.

6.  42 U.S.C. § 405(g); *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983).

7.  *Heckler v. Campbell,* 461 U.S. 458, 467, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66, 74 (1983); *Jones v. Heckler,* 702 F.2d 616, 622 (5th Cir.1983).

8.  *Id.*

9.  *Id.* at 622, quoting 20 C.F.R. Appendix 2, § 200.00(a) (1982).

therefore, was not disabled, was supported by substantial evidence on the record. In support, however, of his petition for judicial review, Johnson has now proffered new evidence of a deteriorated condition. He has attached to his brief a hospital record dated January 22, 1985, more than three years after the date of his application and more than two years after the date of the hearing, that indicates he is now suffering from chronic malnutrition, "end stage" hepatic cirrhosis and severe anemia. It is not improper for us to notice the new records attached to the appellant's brief. The statute allows the district court to do so and, in administrative review cases, our review functions are as broad as those that may be performed by the district court.[10]

It is possible that, as of January 22, 1985, Johnson was disabled. We cannot, of course, determine whether he became disabled at any date subsequent to his original hearing. The statute permits us to remand a case to the Secretary for the taking of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[11] We do so if "there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him."[12] One of our decisions might be read to permit a remand in the light of evidence that a claimant has become disabled since the date of the ALJ's determination.[13] The Third and Ninth Circuits, however, have concluded that the reviewing court may not remand for the consideration of new evidence showing only that a disability commenced after the decision of the Secretary.[14] Implicit in the materiality requirement, the Third Circuit reasoned, "is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."[15] We agree, for it would be inconsistent with these principles of appellate review to remand the case solely for the consideration of evidence of a subsequent deterioration of what was correctly held to be a non-disabling condition.

The subsequent deterioration, however, may form the basis for a new claim. The Secretary's undisputed finding is that Johnson's eligibility for disability benefits, as determined by his earnings, will continue through September 30, 1985. He may receive disability benefits if a disability commences during this period of insured status.[16] There are no eligibility period requirements for the receipt of SSI benefits.[17] Accordingly, Johnson is free to file a new claim and attempt to prove that he became disabled before September 30, 1985.

For these reasons, the district court's judgment is AFFIRMED.

---

**10.** *E.g., Knox v. Finch,* 427 F.2d 919 (5th Cir. 1970); *McDaniel v. Harris,* 639 F.2d 1386, 1388 (5th Cir.1981). *See also Goerg v. Schweiker,* 643 F.2d 582 (9th Cir.1981).

**11.** 42 U.S.C. § 405(g).

**12.** *Dorsey v. Heckler,* 702 F.2d 597, 604–05 (5th Cir.1983). *See also Carter v. Heckler,* 712 F.2d 137, 141 (5th Cir.1983).

**13.** *Dorsey v. Heckler,* 702 F.2d 597 (5th Cir. 1983); *see also Ferguson v. Schweiker,* 641 F.2d 243, 250 n. 9 (5th Cir.1981).

**14.** *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir.1984); *Ward v. Schweiker,* 686 F.2d 762, 765–66 (9th Cir. 1982).

**15.** *Szubak, id.* at 833.

**16.** 20 C.F.R. §§ 404.130 *et seq.; Demandre v. Califano,* 591 F.2d 1088 (5th Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979).

**17.** 20 C.F.R. § 416.330.