**Ida Z. BRICKEY on Behalf of Ivan and Sandie PEREZ, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendants.**

**Civ. A. No. H–87–2275.**

United States District Court, S.D. Texas, Houston Division.

Sept. 11, 1989.

Michael A. Petersmith, Houston, Tex., for plaintiff.

Frank A. Conforti, Asst. U.S. Atty., Houston, Tex., for defendants.

## ORDER

HITTNER, District Judge.

This action was commenced by Ida Z. Brickey (hereinafter referred to as "Plaintiff") on behalf of Ivan and Sandie Perez pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Plaintiff is seeking judicial review of a final decision of the Secretary of Health and Human Services (hereinafter referred to as the "Secretary") holding that Plaintiff's children by a deceased wage earner were subject to a reduction in their insurance benefits. This reduction is as a result of the entitlement of two stepchildren to chil-

dren's insurance benefits on the deceased wage earner's account. The parties have filed cross-motions for summary judgment. Plaintiff contends that the Appeals Council of the Social Security Administration was not authorized to render a final decision in this case nor is the decision supported by substantial evidence. Plaintiff asserts that the Appeals Council improperly invoked administrative jurisdiction. Plaintiff also contends that Melanie and Steven Chavez do not qualify as stepchildren of the decedent and that the Secretary improperly deemed the children dependent on the deceased wage earner. Conversely, the Secretary contends that the Appeals Council had the authority to issue the Secretary's final decision in this case and that the decision is supported by substantial evidence. The Secretary asserts that Melanie and Steven Chavez were properly found to be the decedent's stepchildren and properly deemed dependent upon the decedent at the time of his death.

On January 19, 1985, the decedent, Rudy Perez, died from injuries he sustained in an automobile accident on January 6, 1985. At the time of his death he was married to Alicia Perez and lived with her and two of her children by a prior common law marriage. The decedent had two natural children by a prior marriage to the Plaintiff, Ida Brickey.

In January 1985, the Social Security Administration ("SSA") granted surviving children's benefits to the Plaintiff on her children's behalf. Alicia Perez subsequently applied for children's benefits on the decedent's account based upon her children's relationship as stepchildren to the decedent at the time of his death. On January 22, 1986, the SSA granted children's benefits to Alicia Perez on behalf of two of her children, Melanie and Steven Chavez, thus reducing the amount Plaintiff would receive for her children. Plaintiff requested a hearing and on September 23, 1986, the administrative law judge issued a decision that Alicia Perez's children were not entitled to benefits. He based his decision on findings that Alicia Perez had a prior undissolved common law marriage and had not entered into her marriage with

the decedent in good faith. The notice of the decision was dated September 23, 1986, and the amended notice was dated December 11, 1986. On February 5, 1987, the Appeals Council notified the Plaintiff of its intention to review the decision. On June 10, 1987, the Appeals Council issued its decision that Melanie and Steven Chavez were entitled to children's benefits as stepchildren of the decedent. The Appeals Council found that the children were deemed to acquire a stepchild relationship to their parent's partner merely because the marriage ceremony had occurred, regardless of the motives of the bride and groom. The Appeals Council also deemed the children dependent upon the deceased due to a finding that the children lived with the deceased at the time of his death.

The issues before this Court are (1) whether the Appeals Council had proper administrative jurisdiction to review the decision of the administrative law judge and (2) whether the Secretary properly deemed Melanie and Steven Chavez dependent upon the decedent.

As to the first issue before this Court, Plaintiff contends that jurisdiction was improperly taken by the Appeals Council under 20 C.F.R. § 404.969 because the Appeals Council did not initiate review within 60 days after the date of the administrative law judge's decision. Plaintiff asserts that the 60 days begins to run from the date of the decision, September 23, 1986, not from the date of the amended notice of the decision and, therefore, 60 days had elapsed before the Appeals Council initiated its review on February 5, 1987. Further, Plaintiff maintains that the only regulatory authority under which the Appeals Council may revise the hearing decision is 20 C.F.R. § 404.988(a). This section allows for reopening of a decision for any reason within 12 months of the date of the notice of the initial determination.

The Secretary contends that the Appeals Council had 60 days from the date of the amended notice of the administrative law judge's decision in which to undertake its own motion review. The Secretary asserts that the 60 days begins to run from the

date of the notice, not the date of the decision. The Secretary relies on the language in the notice, rather than the language of the regulation, asserting that the Secretary's interpretation of his own regulations deserves judicial deference. The Secretary also contends that the Appeals Council could reopen the claim for "good cause" under 20 C.F.R. §§ 404.988–404.989 due to the error in the administrative law judge's decision. The Appeals Council asserts that the administrative law judge erred in finding that in order for a stepchild relationship to exist between Alicia Perez's children and the wage earner, Alicia Perez must have entered the marriage in the good faith belief that a legal impediment would not render it invalid. The Secretary asserts that pursuant to Social Security Ruling 77–1C there is no good faith requirement for the eligibility of stepchildren. The Secretary further contends that the Court should uphold the Appeals Council's authority to modify the administrative law judge's decision in view of the issue involved which may have adverse consequences on third parties.

■ The Appeals Council has jurisdiction to review an administrative law judge's decision on its own motion under 20 C.F.R. § 404.969 or it may reopen the case pursuant to 20 C.F.R. § 404.988. To conduct its own motion review of a case under section 404.969, the Appeals Council must initiate that review within 60 days from the date of the administrative law judge's hearing decision. *Cieutat v. Bowen,* 824 F.2d 348, 355 (5th Cir.1987). Therefore, in this case, the 60–day time period during which the Appeals Council could initiate its own motion review began running from the date of the administrate law judge's decision, September 23, 1986. Since the Appeals Council did not notify Plaintiff of its intent to review the decision until February 5, 1987, the time within which it could initiate its own motion review had elapsed. Hence, the Appeals Council did not have authority to review the decision pursuant to section 404.969.

■ The Appeals Council also may revise an administrative law judge's decision pursuant to its authority to reopen the case under 20 C.F.R. § 404.988. According to subsection (a) of this regulation, the Appeals Council may reopen a case for any reason within 12 months of the date of the notice of the initial determination. Pursuant to subsection (b) of this regulation, the Appeals Council has four years from the date of the notice of the initial determination to reopen a case if there is "good cause" to do so. 20 C.F.R. § 404.988. "Good cause" will be shown if: (1) new and material evidence is furnished; (2) a clerical error in the computation or recomputation of benefits was made; or (3) the evidence considered in making the determination or decision clearly shows on its face that an error was made. 20 C.F.R. § 404.989. The one- and four-year periods during which the Appeals Council may reopen the case begin to run on the date the claimant is sent notice of the initial determination on his application for benefits. *Cieutat v. Bowen,* 824 F.2d at 355.

In this case the initial determination by the SSA that Plaintiff's children were entitled to insurance benefits is dated January, 1985. Therefore, the one- and four-year periods in which the Appeals Council could reopen this case began to run in January 1985. As the one-year period for reopening a case without cause under section 404.-988(a) had expired, the only authority for the Appeals Council to review the decision of the Administrative Law Judge was for "good cause" pursuant to section 404.-988(b).

■ We find that the Appeals Council had good cause to reopen this case under section 404.988(b) due to the error by the administrative law judge in his decision. The administrative law judge ruled that Alicia Perez's children did not qualify as stepchildren of the decedent due to the finding that Alicia Perez did not enter her marriage in the good faith belief that a legal impediment would not render it invalid. Although there is a good faith requirement for a surviving spouse to receive benefits, there is no such good faith requirement to establish a stepchild relationship with the decedent. According to Social Se-

curity Ruling 77–1C, which contains the decision of *Eisenhauer v. Mathews,* 535 F.2d 681 (2d Cir.1976), to be deemed a stepchild of an individual who goes through a ceremonial marriage with the parent of such child, the marriage need not be entered in good faith. The Appeals Council correctly found that Alicia Perez's children had acquired a stepchild relationship with the decedent merely because a ceremonial marriage had taken place.

The second issue this Court must consider is whether the Secretary properly "deemed dependent" Melanie and Steven Chavez upon the deceased wage earner. A stepchild will be deemed dependent upon the deceased wage earner if the stepchild was either living with the insured or receiving at least one-half of his support from the insured at the time of his death. 20 C.F.R. § 404.363. Whether a stepchild was living with or dependent on a deceased wage earner is a question of fact. The Social Security Act requires the federal courts to give deference to the factual findings of the Secretary. Therefore, the Secretary's determination of a factual issue will be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). Substantial evidence has been defined as evidence such that a reasonable mind might accept it as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427.

 The Plaintiff contends that there is not enough evidence whereby the Appeals Council could determine the dependence status of Melanie and Steven Chavez on the decedent. Because a stepchild may be deemed dependent upon the deceased wage earner by either a showing of active dependency or a showing that the stepchild was living with the decedent at the time of his death, there is no need for a finding on both. *Eisenhauer v. Mathews,* 535 F.2d at 686. In this case, the Appeals Council did not make a factual finding on the actual dependency of Melanie and Steven Chavez on the deceased. However, the Appeals Council did make a factual determination that Melanie and Steven Chavez were living with the decedent at the time of his death. Therefore the issue may be more specifically stated as whether the record, when viewed as a whole, contains substantial evidence that Melanie and Steven Chavez were living with the decedent at the time of his death.

Alicia Perez and the decedent were ceremonially married on August 23, 1984. During the five-month period between the ceremonial marriage and the decedent's death in January, 1985, the couple separated temporarily in September, reconciled in November, separated again and reconciled sometime in December. Alicia and two of her children, Melanie and Steven, moved back into the decedent's residence upon the last reconciliation and were living there at the time of his death. On January 6, 1985, Alicia and the decedent argued, the decedent left their house and was involved in an accident several hours later. He died on January 19, 1985, as a result of the injuries he sustained in that accident.

The conflict centers around the deceased's motives on the night he was fatally injured. The Plaintiff contends that on the night of the accident, the deceased was leaving Alicia with the intention of permanently separating from her. She bases this contention on the fact that the deceased left his house as a result of an argument with Alicia and, at the time of the accident, the decedent appeared to be driving in the direction of his mother's house with many of his belongings in his possession. Mrs. Martinez, the decedent's sister, shares the Plaintiff's opinion that the deceased was leaving Alicia with the intent to permanently separate from her. The deceased's motives on the night of the accident are important in light of the test which Melanie and Steven Chavez must meet in order to qualify as "living with" the decedent and thus be deemed dependent upon him. The definition of "living with," to qualify as dependent on an insured, is set out as follows:

You are living with the insured if you ordinarily live in the same home with the insured and he or she is exercising, or

has the right to exercise, parental control and authority over your activities. You are living with the insured during temporary separations if you and the insured expect to live together in the same place after the separation.

20 C.F.R. § 404.366(c).

If the deceased were found to be permanently leaving Alicia and her children, as the Plaintiff suggests, then Melanie and Steven Chavez would not meet the test of "living with" the decedent at the time of his death. However, the Appeals Council, upon a review of the record as a whole, concluded that at most, the decedent was planning only to temporarily separate from Alicia. The Appeals Council based this finding on Alicia's explanation of the decedent's possession of some of the household goods and the couple's pattern of frequent, temporary separations followed by reconciliations. The Appeals Council reasoned that despite any argument the couple may have had the night of the accident, they would have all continued to live together as a family had the fatal accident not occurred.

Since the residence of the deceased at the time of his death is a question of fact, this Court must sustain the factual findings of the Secretary if supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Eisenhauer v. Mathews*, 535 F.2d 681, 687 (2d Cir.1976). This Court finds that there is substantial evidence to support the finding and inferences that Melanie and Steven Chavez were living with the deceased at the time of his death. Therefore, pursuant to 20 C.F.R. § 404.363(b), the Secretary properly deemed Melanie and Steven Chavez dependent upon the decedent at the time of his death.

■ The Plaintiff has requested a remand and rehearing pursuant to 20 C.F.R. § 404.994 to develop additional testimony and evidence to support her position. This Court may remand this case in order that additional evidence may be taken only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42

U.S.C. § 405(g). A remand for further proceedings is appropriate if there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had the new evidence been before him. *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985). The party seeking remand must present to the court the evidence it hopes to submit should a remand be granted or at least make a general showing of the nature of that evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979).

■ The Plaintiff has failed to carry the burden in order that a remand may be granted. Plaintiff's counsel has requested a rehearing to develop additional testimony. He does not contend that there is new evidence but, instead, that he failed to develop the existing evidence. Plaintiff's counsel also has not shown what that evidence would be, nor has he shown good cause for the failure to incorporate this evidence in a prior proceeding. The record, when taken as a whole, substantially supports the decision of the Secretary. Therefore, the request for remand for a rehearing to develop additional testimony is denied.

As the Appeals Council did not timely initiate its own motion review of the administrative law judge's decision, it did not have authority to review the decision under 20 C.F.R. § 404.969. However, due to the error in the administrative law judge's decision, the Appeals Council did have the authority to reopen the case for "good cause" pursuant to 20 C.F.R. § 404.988(b). The Secretary properly found that Melanie and Steven Chavez acquired a deemed stepchild relationship with the decedent because a ceremonial marriage had taken place, regardless of the finding of a lack of good faith on the part of Alicia Perez in entering the marriage. The Secretary's finding that Melanie and Steven Chavez were deemed dependent on the deceased is supported by substantial evidence and must therefore be affirmed.

Because the Secretary's decision is correct as a matter of law, it is

**324**

ORDERED that Plaintiff's motion for summary judgment be DENIED. It is further

ORDERED that Defendant's motion for summary judgment be GRANTED.