**Pedro S. ESPINO, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

**No. EP–92–CA–312–H.**

United States District Court, W.D. Texas.

Feb. 21, 1995.

Malcolm McGregor and John C. Schwambach, Jr., El Paso, Texas, for plaintiff.

Winstanley F. Luke, U.S. Attorney's Office, San Antonio, Texas, for defendant.

### MEMORANDUM OPINION AND ORDER

HUDSPETH, Chief Judge.

This is an action for judicial review of a decision of the Secretary of Health and Human Services denying Plaintiff's claims for disability benefits and supplemental security income. Plaintiff Pedro Espino is a 60 year-old man who attended school in Mexico through the sixth grade. He previously performed maintenance work for Sears, Roebuck and Co. On February 10, 1988, Plaintiff filed his first application for disability insurance benefits, claiming disability based on back injuries received on November 12, 1986. On March 21, 1988, the Secretary denied the claim. Plaintiff did not take any action to review that decision.

Plaintiff filed this application for disability benefits on February 17, 1989, asserting the same onset date claimed in his first application and alleging a herniated disc as the cause of his disability. On August 2, 1989, Plaintiff filed an application for supplemental security income. Before the filing of this SSI application, Plaintiff's disability insurance application was denied initially on April 6, 1989. The record contains a Notice of Reconsideration dated September 11, 1989 stating that Plaintiff was not under a disability. Since this denial on reconsideration was decided after Plaintiff filed his application for SSI benefits, and since the administrative law judge considered Plaintiff's claim for SSI benefits along with his claim for disability benefits, the denial on reconsideration apparently applied to both disability and SSI benefits.

Plaintiff requested a hearing before an administrative law judge, which was held on May 15, 1990. The administrative law judge issued a decision finding that Plaintiff was not disabled. On April 9, 1991, the Appeals Council denied Plaintiff's request for review and adopted the administrative law judge's decision which became the final decision of the Secretary.

On May 15, 1991, Plaintiff hired a new attorney who sent to the Appeals Council a new doctor report and requested a finding of disability or another hearing before an administrative law judge. The Appeals Council did not respond to this request. On February 26, 1992, Plaintiff filed another request for review of the administrative law judge's decision. The Appeals Council, on September 11, 1992, refused to reopen Plaintiff's case but granted a sixty-day extension during which Plaintiff could file this civil action. On October 8, 1992, Plaintiff filed this action for judicial review. On January 5, 1993, the matter was referred to a United States Magistrate for review and for the preparation of a report and recommendation to the Court. Plaintiff filed a motion for summary judgment on May 7, 1993. The Magistrate Judge filed her report on October 7, 1993, and neither party has filed any written objection to the report. The case is now ripe for decision.

 A person claiming entitlement to disability insurance benefits or supplemental security income has the burden of proving that he is disabled within the meaning of the act. *Wren v. Sullivan*, 925 F.2d 123, 125, 128 (5th Cir.1991); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir.1987). Judicial review of the Secretary's findings is limited to a determination of whether they are supported by substantial evidence on the record as a whole and whether the Secretary applied the proper legal standards in reaching her decision. 42 U.S.C. § 405(g); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Fraga v. Bowen*, supra at 1302; *James v. Bowen*, 793 F.2d 702, 705 (5th Cir.1986). This Court is not entitled to reweigh the evidence, substitute its judgment for that of the Secretary, or try the issues de novo, but must examine the record as a whole in order to determine whether the findings of the Secretary are supported by substantial evidence; *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Fraga v. Bowen*, supra at 1302.

■ In the instant case, the administrative law judge found Plaintiff has the residual capacity to perform light work and, thus, can perform his previous maintenance job at Sears. It is the court's task to decide whether this determination by the administrative law judge is supported by substantial evidence. *Perez v. Heckler,* 777 F.2d 298, 302 (5th Cir.1985).

The regulations adopted by the Social Security Administration define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The record contains substantial evidence that Plaintiff is capable of performing light work. In his report of Plaintiff's September 20, 1989 visit, Plaintiff's treating physician Dr. Pacheco stated Plaintiff should not lift, pull or push heavy objects above 40 pounds. (Tr. 161). In the medical assessment dated May 30, 1990, Dr. Pacheco stated Plaintiff could lift or carry a maximum of forty pounds and could frequently lift or carry between twenty and thirty pounds. (Tr. 165). These weights far exceed the maximum weights required of light work and those required of Plaintiff's maintenance job at Sears. (Tr. 104). Dr. Pacheco also stated that Plaintiff has the ability to stand and walk in amounts that fit within Plaintiff's description of his maintenance job and the definition of light work. (Tr. 104 & 165). This medical evidence in the record is substantial evidence in support of the finding of the administrative law judge

that the Plaintiff's residual functional capacity is light work.

■ Plaintiff objects to the failure of the administrative law judge to consider the testimony of Dr. Pacheco regarding Plaintiff's inability to work. Dr. Pacheco made two statements regarding Plaintiff's ability to do work. (Tr. 142, 161). In his report of Plaintiff's May 3, 1988 visit, Dr. Pacheco stated that Plaintiff was medically unable to return to his previous occupation. (Tr. 142). In his report of Plaintiff's September 20, 1989 visit, Dr. Pacheco stated that at that stage Plaintiff remained totally unable to engage in a gainful occupation. (Tr. 161). However, good cause exists not to accord substantial weight to these statements by Dr. Pacheco.

■ The statements of a treating physician must be accorded substantial weight unless good cause to the contrary is shown. *Loya v. Heckler,* 707 F.2d 211, 214 (5th Cir. 1983). Good cause exists when the treating doctor's statement is a vocational opinion rather than a medical opinion. *Id.* An opinion regarding a plaintiff's ability to perform certain jobs is a vocational opinion. *Id.* In the instant case, because the statements by Dr. Pacheco constitute a vocational opinion rather than a medical opinion, good cause existed for the administrative law judge to reject them.

■ Good cause also exists for rejecting a treating doctor's opinion when that opinion is not supported by the evidence. *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir.1985). Dr. Pacheco's opinions about Plaintiff's ability to do work meet this description because they are not supported by his medical findings. Dr. Pacheco advised against Plaintiff lifting objects heavier than 40 pounds. (Tr. 161). The Doctor's statement regarding forty pounds is inconsistent with his opinion regarding Plaintiff's inability to do work as forty pounds exceeds the twenty pound limit required for light work. Also, the results of Dr. Pacheco's diagnostic tests and the responses he gave in Plaintiff's medical assessment (Tr. 165) contradict his opinion regarding Plaintiff's inability to work.

■ Plaintiff objects to the administrative law judge's rejection of Plaintiff's com-

plaints of disabling pain. Plaintiff complains of having disabling pain in his lower back. He also complains of pain in his peripheral joints, specifically his ankles, knees, and elbows. It is not clear whether Plaintiff claims that the pain in these joints is disabling. The administrative law judge heard testimony from Plaintiff about his pain, and was required to consider his subjective complaints of pain in combination with the medical evidence.

▪ There are two tests for disabling pain. The first test is whether objective medical evidence shows the existence of a medical impairment which could reasonably be expected to produce the pain alleged. *Anthony v. Sullivan,* supra at 296. Medical factors which indicate disabling pain include: limitation in range of motion, muscle atrophy, weight loss or impairment of general nutrition, adverse neurological test results, noticeable swelling, and muscle spasm. *Hollis v. Bowen,* 837 F.2d 1378, 1384 (5th Cir.1988); see also, *Fraga v. Bowen,* supra at 1302–1303. With regards to both Plaintiff's lower back pain and peripheral joint pain, the record discloses none of the objective medical factors. The second test states that, for pain to be disabling pain, it must be constant, unremitting, and wholly unresponsive to therapeutic treatment. *Wren v. Sullivan,* supra at 128–129. The medical reports, Plaintiff's testimony at the administrative law judge's hearing, and Plaintiff's disability reports indicate that Plaintiff's back pain and peripheral joint pain are not constant, unremitting, and wholly unresponsive to therapeutic treatment.

▪ An administrative law judge must consider a claimant's subjective symptoms as well as objective evidence, as the symptoms may support a finding of disability even without support from any objective medical data. *Loya v. Heckler,* supra at 214. However, while an administrative law judge must consider subjective evidence of pain, *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981), it is within his discretion to determine its debilitating nature. *Jones v. Bowen,* 829 F.2d 524, 527 (5th Cir.1987). After evaluating the weight and credibility of the evidence, as he was required to do, the administrative law judge concluded claimant's testimony regarding pain was not fully credible. (R. 42 & 43). The administrative law judge stated a number of reasons for finding Plaintiff's complaints not credible. (Tr. 42). Two of these reasons were: (1) objective medical tests showed Plaintiff did not have an impairment which would produce the pain alleged and (2) Plaintiff rated his pain at ten on a scale of one to ten at the hearing before the administrative law judge. (Tr. 42). Because the credibility findings of the administrative law judge are entitled to considerable deference, the Court concludes that the administrative law judge acted within his discretion with regard to his determination that Plaintiff's complaints of disabling pain were not fully credible (Tr. 42–43).

It is therefore ORDERED that the Plaintiff's motion for summary judgment in the above-styled and numbered cause be, and it is hereby, DENIED.

It is further ORDERED that the decision of the Secretary of Health and Human Services in the above-styled and numbered cause be, and it is hereby, AFFIRMED.

### *JUDGMENT*

In accordance with the Memorandum Opinion and Order this day entered in the above-styled and numbered cause,

IT IS ORDERED, ADJUDGED AND DECREED that judgment be, and it is hereby, ENTERED for the Defendant, and that the decision of the Secretary of Health and Human Services be, and it is hereby, AFFIRMED.