# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

No. 21-60888
Summary Calendar

Roger Easley,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-218

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Roger Easley appeals from the judgment of the district court affirming the Social Security Commissioner's final administrative decision denying his applications for disability insurance benefits and supplemental security income. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In May 2019, Easley applied for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning in July 2015 due to a back impairment and other medical problems. He later amended his alleged disability onset date to January 2018. The claims were initially denied in August 2019 and again upon reconsideration in October 2019.

On August 18, 2020, after an administrative hearing, the ALJ issued a decision finding Easley not disabled. Based on the evidence before her, the ALJ found that Easley "has the following severe impairments: degenerative disc disease, degenerative joint disease, diabetes, gout, bilateral cataracts, hypermetropia, and obesity." But these impairments did not meet or medically equal the severity of any impairments listed in the regulations for presumptive disability. The ALJ ultimately found that Easley "has the residual functioning capacity to perform light work" with specific limitations. Having considered Easley's "age, education, work experience, and residual functional capacity," the ALJ found "there are jobs that exist in significant numbers in the national economy that [he] can perform." Easley accordingly "ha[d] not been under a disability, as defined in the Social Security Act," from January 2018 through the present date.

Easley sought review by the Appeals Council. He submitted as additional evidence results of an MRI from September 10, 2020. The MRI revealed desiccation of discs with broad-based disc bulges and bilateral bony neural foraminal narrowing at the L4-L5 and L5-S1 levels, possible bilateral L4 and L5 nerve root impingement, and multilevel facet arthropathy. The Appeals Council denied Easley's request for review, explaining that the "additional evidence does not relate to the period at issue" and therefore "does not affect the decision about whether [Easley] w[as] disabled beginning on or before August 18, 2020." *See* 20 C.F.R. § 404.970(a)(5) (providing for review if "the Appeals Council receives additional evidence

that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision"); *id.* § 416.1470(a)(5) (same).

Easley sought judicial review in district court. The parties consented to proceed before the assigned magistrate judge for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The court affirmed the Commissioner's final decision. *Easley v. Kijakazi*, No. 4:20-cv-00218-RP (N.D. Miss. Sept. 23, 2021). Easley timely appealed. *See* Fed. R. App. P. 4(a)(1)(B).

Our review of the Commissioner's denial of social security disability benefits is limited only to "whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citation omitted). Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The claimant bears the burden of establishing a disability. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted).

Easley argues that the Appeals Council erred by failing to consider the MRI results and that "there is a reasonable probability that [the MRI results] would change the outcome of the ALJ's [u]nfavorable decision." We disagree.

Because "the Commissioner's final decision necessarily includes an Appeals Council's denial of a claimant's request for review . . . , the record before the Appeals Council constitutes part of the record upon which the final decision is based." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir.

2005). Therefore, we "must examine all of the evidence, including the new evidence submitted to the [Appeals Council], and determine whether the Commissioner's final decision to deny [Easley's] claim was supported by substantial evidence." *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015) (citations omitted).

The Commissioner's final decision was supported by substantial evidence. The record evidence includes nurse practitioner examinations, diagnostic x-ray films, a consultative physical examination, and a state agency medical review. The ALJ found that Easley had severe impairments that restricted him to a residual functioning capacity for light work with additional specific limitations. And the ALJ relied on vocational expert testimony to find that Easley could perform certain light jobs.

Easley has not shown that the disc bulges revealed by the MRI existed during the relevant period—his alleged disability onset date through the date of the ALJ's decision—as opposed to being a new development. *See Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Easley relies on *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995); but *Ripley* is inapposite. There, the "new" medical evidence relied on by the claimant "was not a condition which developed after the ALJ's decision" and "relate[d] to the period for which disability benefits [we]re sought." *Id.* at 555–56. Easley, who bears the burden, has made no such showing.

Furthermore, as the district court explained, "even if the disc bulges existed during the relevant time period, the plaintiff's lower back pain and associated limitations were considered by the ALJ when [s]he further restricted the plaintiff's [residual functioning capacity], and there is no reasonable probability that the additional evidence would change the outcome of the decision." *Easley*, slip op. at 9; *see Ogbo v. Astrue*, No. 07–486–FJP–DLD, 2008 WL 4530829, at *5 (M.D. La. Sept. 26, 2008); *see also*

No. 21-60888

*Beck v. Barnhart*, 205 F. App'x 207, 210, 214 (5th Cir. 2006) (per curiam) (holding x-ray and Doppler study performed two months after ALJ's ruling and submitted to Appeals Council were "not material and did not provide a basis for reversal, and that the ALJ's decision was based upon substantial evidence from the record as a whole").

AFFIRMED.