Justo **RODRIGUEZ**, Plaintiff-Appellant,

v.

Richard **SCHWEIKER**, Secretary of Department of Health and Human Services, Defendant-Appellee.

No. 80–1519
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

March 25, 1981.

Malcolm McGregor, El Paso, Tex., for plaintiff-appellant.

Rebecca D. Westfall, Asst. U. S. Atty., El Paso, Tex., for defendant-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The appellant Justo Rodriguez brings this action under 42 U.S.C. § 405(g) to review a decision of the Secretary of Health, Education and Welfare (now the Department of

Health and Human Services) denying his claim for disability insurance benefits. The administrative decision was subsequently affirmed by the district court. Rodriguez is a sixty year old man with an eighth grade education. He was born in Puerto Rico and speaks and reads both English and Spanish, although he is more fluent in the latter. He is married and has three children. Rodriguez served in the United States Army from 1949 until 1973. In the army, he was trained as a mechanic and performed in that function throughout his period of enlistment. While serving in Vietnam, he received an injury to his right hand due to rocket fragments. Rodriguez was hospitalized for a short time in 1968. In 1971, an operation was performed on his right hand. Because of his physical condition, Rodriguez was discharged from the army in 1973. After his discharge from the service, he underwent another operation on his hand. None of the surgery performed on his right hand was successful. Due to the injury, Rodriguez is unable to grip anything with his right hand. In 1974, the Veterans Administration rated his disability at 70% due to heart disease and his injury. This was later increased in 1976 to complete disability.

After his separation from the service and his operations, he attempted to obtain employment as a mechanic but was unable to retain any such jobs because of his inability to use his right hand. He then obtained employment as a security guard, but Rodriguez testified that he resigned on the basis of doctor's recommendation to do so. Rodriguez also complained of shortness of breath and pain in his chest, shoulder, hips and knees. Rodriguez testified at his administrative hearing that he cannot bend, he is unable to walk more than half a block at a time, he can stand for only fifteen or twenty minutes and can remain sitting for only a half hour to an hour. Rodriguez claims that he is unable to perform security guard work because of his shortness of breath and his great difficulty in walking.

In February of 1977, Rodriguez began attending a watch repair school. He stated at the hearing that he would be capable of pursuing such a livelihood because he is able to work at his own pace, and he can do all the work with his left hand.

Rodriguez sought disability insurance benefits from HEW which were denied in March of 1977. He requested reconsideration and was granted an administrative hearing. The hearing was held on December 1, 1977, at which time he was represented by counsel. The only oral evidence presented was that of Rodriguez. During the hearing, Rodriguez was asked by the administrative law judge (ALJ) if he could work as a self-service gas station attendant. Rodriguez replied in the negative. At the conclusion of the hearing, the ALJ stated that he believed Rodriguez to have been a credible witness. Included in the record are the medical reports and clinical diagnoses of Rodriguez. One of these documents is the diagnosis of Dr. Donald A. Malooly, who stated in 1977 that Rodriguez had a chronic obstructive lung disease which was not substantially relieved by medication. He also concluded that Rodriguez could not use his hand in a job requiring repeated lifting and handling of items. Dr. Malooly also believed that bending and stooping were slightly limited and that walking could be accomplished within the limits of his pulmonary ability. Regarding his pulmonary abilities, Dr. Malooly stated that Rodriguez has a hypertensive disease and that his heart size is borderline.

The ALJ held that Rodriguez was not disabled and denied benefits. The ALJ held that Rodriguez could perform work as a cashier in a self-service gas station or as a gateman. The Appeals Council affirmed the ALJ's decision, thereby making it the final judgment of the Secretary. Rodriguez appealed to the district court, which found there was substantial evidence supporting the ALJ's decision and affirmed the ruling of the Secretary.

Rodriguez contends on appeal that there is not substantial evidence in the record to support the Secretary's findings. Rodriguez further contends that he satisfied his burden of showing a *prima facie* case of disability and that the burden should have shifted to the Secretary.

■ An individual who is claiming disability insurance benefits must show that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last at least twelve months. 42 U.S.C. § 423(d)(1)(A). The burden of proving this rests clearly upon the claimant. *Flowers v. Harris*, 616 F.2d 776, 778 (5th Cir. 1980). If the claimant is able to meet this burden, however, it shifts to the Secretary who must show that the claimant is capable of engaging in some substantial gainful activity available in the national economy. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981). In reviewing a decision of the Secretary, an appellate court may not reweigh the evidence or substitute its judgment for that of the Secretary's. *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir. 1980). Rather, our sole scope of review is to determine whether the decision of the Secretary is supported by substantial evidence.

■ In deciding whether a claimant is disabled as required under the Social Security Act, four elements must be examined: 1) objective medical facts or clinical findings; 2) diagnosis of examining physician; 3) subjective evidence of pain and disability taken from the testimony of the claimant and others who might have observed him or her; and 4) the claimant's age, education and work history. *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972). All of these elements must be considered together and it is error for an ALJ to disregard any one of them. *Id.*

■ In the instant case, the ALJ detailed in his decision both the testimony of Rodriguez at the hearing and the medical evidence. He then concluded that based upon the medical evidence, Rodriguez was not disabled and that he could return to his duties as a gateman. The ALJ also found that Rodriguez could be employed as a self-service gas station attendant. No mention is made by the ALJ of his consideration of Rodriguez' testimony, although he considered it very credible at the time of the hearing. The medical evidence, including the report of Dr. Malooly, does not support the ALJ's finding. Dr. Malooly's report clearly shows that Rodriguez has lung problems which are unrelieved by medication, that his heart size is borderline and that he has limited physical capabilities. No recommendation from Dr. Malooly was made as to Rodriguez' ability to return to work. In light of such medical evidence, Rodriguez' testimony becomes very crucial.

Rodriguez' testimony, which the ALJ considered credible, was that he could not be employed as a mechanic nor could he return to his job as a security guard. In fact he stated that he had been told to resign from the latter position due to his doctor's suggestion. Based upon the record, the ALJ's decision that Rodriguez could return to work as a gateman is unsupported by the evidence. Rodriguez' own testimony demonstrates his inability to work as a security guard or gateman, and nothing in the medical evidence refutes his testimony. Based upon a review of the evidence before the ALJ, it appears that Rodriguez did present a *prima facie* case of disability.

The burden thus should have shifted to the Secretary to show that Rodriguez is capable of engaging in substantial gainful employment. The only suggestion made that Rodriguez might be able to perform some other means of employment was made by the ALJ when he inquired if Rodriguez would be able to work as a cashier at a self-service gas station. Rodriguez responded that he would not, largely because of his inability to use his right hand. With no other evidence as to the specific requirements of such a job, the ALJ included within his ruling that Rodriguez also had the ability to perform such employment.

■ An ALJ certainly may take administrative notice that certain jobs are light and sedentary in nature and exist in the national economy. *Truge v. Harris*, 631 F.2d 1244, 1247 (5th Cir. 1980). If he does so, the claimant must be given a chance to refute such a claim. *Id.* In the instant case, Rodriguez clearly denied that he could perform the job of a self-service gas station

attendant. Further, the precise duties of such employment were never made clear to Rodriguez. Once a claimant has met his burden, an ALJ may not suggest narrow areas of possible employment and assert that the claimant can perform them without some support in the record, either through medical testimony or reports or some type of vocational testimony. *See Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980). Nothing in the record supports the ALJ's finding that Rodriguez could return to work as a gateman nor that he could be employed as a self-service gas station attendant.

■ Although the ALJ mentioned the Veterans Administration disability rating on Rodriguez, he obviously refused to give it much weight. A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight. *Epps v. Harris*, 624 F.2d at 1274; *DePaepe v. Richardson*, 464 F.2d at 99. A VA rating of 100% disability should have been more closely scrutinized by the ALJ.

■ We find that there is not substantial evidence in the record to support the ALJ's findings. Rather, we find that Rodriguez presented a *prima facie* case of disability. The burden, thus, shifts to the Secretary to show that Rodriguez is capable of performing substantial gainful employment. Since there is no such evidence in the record, we remand the case for further fact-findings in order to determine if the Secretary can meet his burden. We do not hold that Rodriguez is entitled to the benefits. We only hold that he has met his burden, and the burden is now upon the Secretary. If Rodriguez continued his studies at the watch repair school, he should have completed the course in 1978. The ALJ, on remand, should also consider the effect of that training, if any, in his decision as to the awarding of benefits.

VACATED AND REMANDED WITH DIRECTIONS.