**Robert S. WILSON, Jr., Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 83–1116 Phx. WPC.**

United States District Court, D. Arizona.

May 18, 1984.

---

Ruben Marchosky, Phillips & Lyon, P.C., Phoenix, Ariz., for plaintiff.

John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, Senior District Judge.

Plaintiff, Robert S. Wilson, Jr., brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services. Wilson filed an application for a period of disability and disability insurance benefits on June 1, 1981. The application was denied initially and on reconsideration. Wilson appeared with counsel before an administrative law judge (ALJ). The ALJ determined that Wilson was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423, on or before December 31, 1975, when his insured status expired. This decision became the final decision of the Secretary when the Appeals Council approved it on April 12, 1983.

Wilson alleged that he became unable to work in August, 1971 because of emphysema. He testified at the administrative hearing that he also had experienced neck and low back pain since 1969. The ALJ determined that Wilson did not have any impairment or impairments that significantly limited his ability to perform basic work related functions before December 31, 1975, and that therefore Wilson was not disabled at any time on or prior to December 31, 1975.

The Secretary has filed a motion for summary judgment to affirm the decision. Wilson has filed a cross-motion for summary judgment to reverse the Secretary's decision. Wilson's cross-motion will be addressed first.

### Discussion

In 1972, Congress rewrote sections of the Social Security Act. At that time, Congress repealed Title XIV of the act, and established a program identified as Supplemental Security Income ("SSI") (Title XVI). Under the old Title XIV, Congress had provided federal grants to state-administered disability assistance programs. Under the new program, the federal government assumed the burden of providing benefits directly to those needy people who were disabled as defined in the new portions of the act.

As part of the definition of "disability" under SSI, Congress included a grandfather clause:

[A]n individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled *as defined under a State Plan* approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan

(on the basis of disability) for December 1973 ... so long as he is continuously disabled *as so defined.*

42 U.S.C. § 1382c(a)(3)(E) [emphasis added].

Wilson was placed on the disability rolls of the State of Arizona on or about August, 1971. When the SSI program began, Wilson was put on the SSI rolls pursuant to the grandfather clause.

■ There is no question but that for purposes of entitlement to SSI benefits, and ALJ would be bound by the state agency's 1971 determination that Wilson was disabled. Even if Wilson did not meet the stringent requirements of the SSI definition of disability, the grandfather clause operated automatically to qualify Wilson to receive SSI benefits. *Finnegan v. Matthews,* 641 F.2d 1340 (9th Cir.1981). The issue in this case is whether the ALJ is bound by the state agency's determination of disability for purposes of entitling Wilson to Title II disability benefits.

Wilson argues that the prior determination of disability is binding on the Secretary, citing *Finnegan,* and 20 C.F.R. § 404.950(f). In *Finnegan,* the Ninth Circuit determined that

> the grandfather clause was designed to qualify automatically those included within its coverage for SSI benefits, and correlatively, to exempt grandfatherees from the requirement of undergoing "initial determinations" of eligibility by HEW. Therefore, benefits to a grandfatheree must not be terminated absent proof of a material improvement in his medical condition or of the commission of a clear and specific error during the prior state determination.

*Finnegan,* 641 F.2d at 1347.

Wilson argues the "fundamental unfairness of the Secretary finding on the one hand the plaintiff was disabled as of January 1, 1974, and continued disabled for purposes of Title XVI Benefits and on the other hand finding him not disabled for the purposes of Title II benefits when last insured on December 31, 1975." Wilson,

however, ignores the language of and the policy behind the grandfather clause.

There is nothing in the language of the grandfather clause that would suggest that the prior state determination of disability would entitle Wilson to Title II benefits. Furthermore,

> the sole function of a grandfather clause is to prevent the harsh and often unfair operation of a statutory change. In the case at bar, the statutory revision threatened to *deprive* individuals of the *continued* right to receive disability benefits.

*Finnegan,* 641 F.2d at 1346 [emphasis added]. This court declines to rewrite the grandfather clause, the purpose of which was to permit the continued receipt of benefits, into an entitlement to new, and additional benefits.

■ Wilson also argues that the Secretary is collaterally estopped to find that he is not disabled for purposes of Title II. Wilson relies on 20 C.F.R. § 404.950(f) which states:

> An issue at your hearing may be a fact that has already been decided in one of our previous determinations or decisions in a claim involving the same parties, but arising under a different title of the Act.... If this happens, the administrative law judge will not consider the issue again, but will accept the factual finding made in the previous determination or decision unless there are reasons to believe that it was wrong.

Wilson argues that "the [factual finding of disability] was already decided in a claim involving the same parties, but arising under a different title of the Act." Wilson is wrong. First, if Wilson is relying on any factual finding made by the Arizona state agency in 1971, that finding was not made in a claim involving the same parties. The Secretary was not a party to that determination. Second, even if the Secretary may be considered to be a party to that determination, there never has been a finding that Wilson meets any of the SSI criteria for disability except the grandfather clause. There never has been a finding that Wilson, prior to December 31, 1975, was "[un-

able] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death" or which may last (or has lasted) for at least twelve consecutive months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Secretary is not collaterally estopped from finding that Wilson does not meet the requirements of disability under Title II.

 Next, citing *Finnegan*, Wilson argues that the Secretary must show medical improvement. *Finnegan* does not apply to the facts of this case.

 Finally, Wilson relies on three Fifth Circuit cases that state that the determinations of other agencies, even though not binding on the Secretary, are entitled to great weight. *DePaepe v. Richardson*, 464 F.2d 92, 101 (5th Cir.1972); *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir.1980); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir.1981). Those cases have never been cited by the Ninth Circuit, and therefore are not controlling in this circuit. Furthermore, it appears that the Ninth Circuit has not addressed this issue. In the absence of controlling precedent, this court will follow the regulations of the Secretary. Those regulations explain that a

> decision by ... any other governmental agency about whether you are disabled ... is based on its rule and is not our decision about whether you are disabled.... We must make a disability ... determination based on *social security law.* Therefore, a determination made by another agency that you are disabled ... is not binding on us.

20 C.F.R. § 404.1504 [emphasis added]. The state agency's determination of disability in 1971 is not binding on the Secretary, and, on the facts of this case, is not entitled to any weight whatsoever. *See Falcon v. Heckler,* 732 F.2d 827, (11th Cir.1984).

 In her motion for summary judgment, the Secretary argues that substantial evidence supports the ALJ's determination that Wilson was not disabled within the meaning of the Social Security Act at any time prior to December 31, 1975. Wilson does not argue to the contrary. Wilson's only argument is that "there is no substantial evidence in the record to rebut a presumption of continuing disability for the purposes of Title II and the Administrative Law Judge was bound to find the plaintiff entitled to disability insurance benefits under Title II of the Act based on a disability prior to December 31, 1975." Wilson is not entitled to Title II benefits based on the state agency's determination of disability in 1971.

This court has reviewed the entire record, and concludes that substantial evidence supports the ALJ's decision. Therefore,

IT IS ORDERED:

1. Wilson's motion for summary judgment is DENIED.

2. The Secretary's motion for summary judgment is GRANTED. The Clerk will enter judgment accordingly.