**Dale M. HOGARD, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 89–1016–CIV–T–15C.**

United States District Court,
M.D. Florida,
Tampa Division.

March 13, 1990.

Emily W. Lawyer, Tampa, Fla., for plaintiff.

Carl D. Thoresen, Asst. U.S. Atty., Tampa, Fla., for defendant.

## ORDER

CASTAGNA, District Judge.

THIS CAUSE came on for consideration upon the filing of a petition for review of the decision of the Secretary of Health and Human Services. This matter was considered by the Magistrate, pursuant to the general order of assignment, who has filed her report recommending that the decision of the Secretary denying benefits be reversed and the case remanded to the Secretary for further proceedings.

Upon consideration of the report and recommendation of the Magistrate, and upon the court's independent examination of the file, the Magistrate's report and recommendation is adopted and confirmed and made a part hereof.

Accordingly, it is ORDERED:

(1) That the decision of the Secretary denying benefits is reversed and the case is remanded to the Secretary for favorable action on plaintiff's application for disability benefits dated December 26, 1984.

(2) That this court retains jurisdiction to determine any timely filed motion for attorney's fees filed by plaintiff and any such application is referred to the magistrate for a report and recommendation.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

Plaintiff brings this action pursuant to the Social Security Act (the Act) as amended, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services denying a claim for dis-

ability insurance benefits under the Act.[1]

The undersigned has thoroughly reviewed the record consisting of a transcript of the proceedings before the Administrative Law Judge (ALJ) as well as all the exhibits filed in the administrative record and the pleadings and memoranda submitted by the parties. Oral argument has also been held.

In an action for judicial review, the reviewing court must affirm the decision of the Secretary if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). If there is substantial evidence to support the Secretary's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Secretary. *Goodley v. Harris,* 608 F.2d 234, 236 (5th Cir.1979).

If an error of law was committed by the Secretary, the case must be remanded to the Secretary for application of the correct legal standard. *McDaniel v. Bowen,* 800 F.2d 1026, 1029–30 (11th Cir.1986); *Smith v. Heckler,* 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the ALJ's decision that the proper legal standards were applied, then a remand to the Secretary for clarification is required. *Jamison v. Bowen,* 814 F.2d 585 (11th Cir.1987).

## I

Plaintiff was born on March 26, 1946 and was 42 years old at the time of the final decision of the ALJ on January 9, 1989.[2] Plaintiff filed for disability benefits on December 26, 1984 alleging that he had been disabled since December 1972 due to Meniere's disease, colitis, headaches, a skin fungal infection, anxiety and allergies, among other factors. Plaintiff has not engaged in substantial gainful activity since December 1972. His prior work experience is that of a stockman, die setter, machine operator and press operator, primarily in the auto industry. Plaintiff is a high school graduate. Plaintiff's date last insured (DLI) for disability purposes is June 30, 1976.

The ALJ found that as of June 30, 1976, plaintiff had Meniere's disease, colitis, dermatitis and pain but that these impairments did not meet or equal those in the Listing of Impairments, 20 C.F.R., App. 1, Subpt. P., Reg. No. 4. The ALJ stated that plaintiff's testimony regarding his pain and functional limitation was "overstated as to the degree of functional limitations the claimant's medical conditions cause". The ALJ found that plaintiff had the residual functional capacity (RFC) to perform the non-exertional requirements of work except for tolerating loud noise, working around moving machinery or at unprotected heights, climbing, or engaging in repetitive bending. The ALJ found no exertional limitations. The ALJ concluded that plaintiff was unable to perform his past relevant work but that he could perform certain occupations within the national economy, including toll collector, wire worker, filter assembler, parking lot cashier, small parts assembler and order clerk, all jobs identified by a vocational expert. The ALJ therefore denied plaintiff's claim for disability benefits. (T 15–20).

Plaintiff filed an appeal with the Appeals Council. The Appeals Council affirmed the January 9, 1989 decision of the ALJ without making additional findings or conclusions. (T 5–7).

Plaintiff contends that the Secretary erred in: (1) failing to give proper weight and consideration to all the evidence, including a determination by the Veterans' Administration that plaintiff was totally disabled; (2) failing to properly consider the claimant's subjective complaints; and (3) failing to consider the "combined ef-

---

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c)(18), M.D.Fla.

2. A prior decision of the ALJ on November 30, 1987 was vacated by the Appeals Council on July 5, 1988. The Appeals Council ordered a new hearing to consider testimony of a vocational expert. (T 28).

fect" of all impairments in considering plaintiff's RFC.

## II

### A.

Plaintiff contends that the ALJ failed to give proper weight to the disability determinations by the Veterans' Administration. Plaintiff received a 100% disability rating by the Veterans' Administration in 1972. That rating was reviewed and reaffirmed in 1982. The VA disability rating is based upon plaintiff's anxiety/Meniere's syndrome and his spastic colitis. Plaintiff contends, and the Secretary concedes, that the 30% disability rating for spastic colitis (severe) is the highest rating possible for that impairment. In his decision, the ALJ discussed plaintiff's disability rating but rejected it on the basis that the VA criteria for disability differ from that used by the Social Security Administration (T 18).

Although a VA disability rating is not binding on the Secretary, it is evidence that should be given great weight. *Olson v. Schweiker*, 663 F.2d 593, 597 n. 4 (5th Cir.1981); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A 1981); *De-Paepe v. Richardson*, 464 F.2d 92, 100 (5th Cir.1972).

In the *Rodriguez* case, the Fifth Circuit found no substantial evidence in the record to support the Secretary's finding that the plaintiff was capable of performing his former work. The court remanded for additional findings of fact on plaintiff's disability claim. The Fifth Circuit held that the Secretary's refusal to give the plaintiff's 100% VA disability rating much weight was error and that such a rating should have been more closely scrutinized by the Secretary.

In *DePaepe*, the Fifth Circuit found numerous errors in the fact-finding procedure employed by the Secretary and directed that the disability application of the plaintiff be proved. Among the errors noted by the court was the failure to give any consideration to the 100% disability rating of the VA.

The only reason given by the ALJ rejecting the VA disability rating was that the two agencies used different criteria to evaluate disability claims. This is not sufficient justification for not according great weight to the disability rating of the VA in this case. As plaintiff has pointed out, he sought treatment for his various impairments from the Veterans' Administration, he had been hospitalized at the various VA facilities over a significant period of time. Moreover, some of the VA records have been lost. The rating decision by the VA states in pertinent part:

> This veteran was admitted to VAH, Ann Arbor, Mich. on 7–6–72 for observation and evaluation. Pertinent diagnoses are hearing loss, tension, headache and spastic colitis. There is history and an old diagnosis of an anxiety reaction. The headaches are severe, of migraine type, require Cafergot for relief. The veteran's diarrhea is chronic, persistent and sometimes bloody. There is deep hostility and anxiety present. The veteran has not been able to work for some time, was employed on 6–10–71 when he filed for increase for colitis condition.
>
> It is held that in the absence of significant organic findings, the anxiety reaction is the best diagnosis to cover the hearing loss, the dizzy spells and the debilitating headaches.
>
> This is a severe disability ratable as 50%. It is also found that the colitis with its persistent diarrhea is ratable at 30%. It is therefore found that the veteran is unemployable due to his service-connected conditions and has been so unemployable since 6–10–71.

(T 218–219).

Based upon this evaluation, the VA assigned petitioner a 100% disability rating on August 8, 1972. In 1982, a re-evaluation of plaintiff's disability rating was conducted by the VA and the disability rating was continued. (T 65). He underwent examination for his ears, his gastrointestinal tract and psychological status. (T 272–276). The ear examination revealed only a very mild bilateral high frequency hearing loss. No laboratory or diagnostic tests were performed on plaintiff's gastro-intes-

tinal status. A physical examination revealed no significant findings. Examination by a neuro-psychiatrist led the examiner to conclude that plaintiff's "real difficulty is that of an anxiety reaction with conversion phenomenon" and that plaintiff's prognosis for "continuous industrial adaptability is poor". (T 275–276).

The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law. Were this the only error committed in the proceedings below, a remand would be warranted for application of the proper legal standard. However, as subsequently noted, other material findings by the Secretary are not supported by substantial evidence and require that the decision denying benefits be reversed with directions to act favorably upon the application for disability benefits.

### B.

Plaintiff also contends that the ALJ failed to appropriately evaluate his subjective complaints of severe dizziness, itching and discomfort and abdominal pain.

The Secretary may not make a finding of disability based solely upon a claim of subjective complaints. However, where a claimant establishes a medically determinable impairment which can reasonably be expected to produce the symptoms, the Secretary is required to consider a claimant's subjective complaints along with all the other evidence in determining whether disability has been established. If proof of an underlying condition is established, then the Secretary must establish a reasonable basis for rejecting the testimony if it was rejected. These reasons must be based upon substantial evidence. *See generally, Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987); *Parker v. Bowen,* 793 F.2d 1177, 1180 (11th Cir.1986); *Landry v. Heckler,* 782 F.2d 1551, 1552 (11th Cir.1986); *see*

*also* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1528, 404.1529.[3]

The ALJ concluded that plaintiff suffered from the following severe impairments: Meniere's disease, colitis, dermatitis and pain. The ALJ found that plaintiff experienced episodes of dizziness and lightheadedness as a result of Meniere's disease and could not tolerate heights, loud noises, climbing, moving machinery or repetitive bending. However, the ALJ found that plaintiff's complaints as to his pain and functional limitations were "overstated". (T 17–18).

Plaintiff testified that beginning in 1968, he developed skin irritations and blisters in his groin area, his legs and his feet. He stated that these skin problems persisted and that he has to change clothes three or four times a day and often has to wear tennis shoes or thongs and shorts to alleviate the skin condition which causes bleeding and chafing. He also has frequent dizzy spells which cause him to lose his balance. He is drowsy from his medications and takes a two-hour nap every day. He testified that he also suffers from headaches.

Plaintiff testified that his colitis caused him to have loose stools three to five times a day on the average and as often as ten times a day some days. (T 76–80; 93; 101; 106; 109–116).

The reason for rejecting the severity of plaintiff's subjective complaints is the ALJ's finding that despite plaintiff's disability, plaintiff married on October 16, 1976, adopted a child in 1984 and had a child of his own in 1985. The ALJ noted that plaintiff's wife worked outside the home and that plaintiff was largely responsible for caring of the two minor children. (T 18).

The fact that a disability claimant is able to sustain a family relationship certainly does not demonstrate a capability for sustained gainful work where there are debilitating impairments present. *See general-*

---

**3.** In *Parker,* the Eleventh Circuit applied the foregoing standard to a claimant who testified concerning subjective complaints (other than pain) of blurred vision, weakness and drowsiness. The Secretary conceded at oral argument in this case that the Secretary's "pain" standard applies to evaluation of all subjective complaints and not just complaints of pain.

ly, *Dorf v. Bowen,* 794 F.2d 896, 902 (3rd Cir.1986) (mere fact that a claimant marries not relevant to disability absent evidence that physical demands of marriage undermines claimant's testimony). Moreover, the family ties to which the ALJ referred did not develop until after plaintiff's date last insured of June 30, 1976.[4] These reasons do not, in the undersigned's view, constitute substantial evidence upon which to reject plaintiff's subjective complaints and predicate a denial of disability benefits for the period in question. Neither the ALJ nor the Appeals Council cited any additional reasons for rejecting plaintiff's testimony as to his subjective complaints. (T 5–7; 15–20).

The vocational expert who testified at the hearing testified that if plaintiff was as severely restricted as his testimony indicated, particularly his need to go to the bathroom frequently, that plaintiff would not be able to engage in continued employment on a sustained basis (T 128).

Because there is no substantial evidence to support the ALJ's rejection of plaintiff's complaints under the second alternate prong of the *Landry* standard, plaintiff's testimony is accepted as true. *See Hale v. Bowen,* 831 F.2d at 1012. In light of the testimony of the vocational expert that there would be no jobs which plaintiff could perform if his complaints were accepted as true, the decision of the Secretary denying benefits should be reversed with instructions that the Secretary issue a favorable decision on plaintiff's application for benefits dated December 26, 1984.[5]

It is therefore respectfully RECOMMENDED:

(1) That the decision of the Secretary denying benefits be reversed and the case be remanded to the Secretary for favorable action on plaintiff's application for disability benefits dated December 26, 1984.

(2) That this court retain jurisdiction to determine any timely filed motion for attorney's fees filed by plaintiff and refer any such application to the magistrate for a report and recommendation.

Dated: Feb. 22, 1990.

---

4. Also, as plaintiff points out, plaintiff testified that he doesn't do a "very good job" with child care, that he receives help from relatives and neighbors and that his children are in day care part-time and are also with a babysitter part-time. (T 71; 100–101).

5. In view of this finding, there is no need to discuss the third contention of plaintiff that the ALJ failed to appropriately consider the combined effects of plaintiff's impairments.