IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-10765
Summary Calendar

ISAAC BARRAZA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 5:01-CV-244-C)
_____
February 11, 2003

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Isaac Barraza appeals the district court's order dismissing his suit appealing the Social

Security Administration Commissioner's denial of disability income benefits (DIB). See 42

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 405(g).  We affirm.

1.    Our review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the Commissioner employed the correct legal standards.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the Commissioner.  Id.

2.    "A [Veterans Administration (VA)] rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the [Administrative Law Judge (ALJ)]."  Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (citing Loza v. Apfel, 219 F.3d 378, 394 (5th Cir. 2000); Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994); Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981)). The Chambliss court noted that Rodriguez and its progeny referred to a VA disability determination as being entitled to "great weight," but the relative weight to be given to this type of evidence will vary depending on the factual circumstances of each case.  Id.  ALJs need not give great weight to a VA disability determination if they adequately explain the valid reasons for not doing so.  Id.

3.    The VA determined that, as of the date Barraza was last insured for Title II benefits, his functional capacity was limited by 70 percent.  The VA paid him benefits at the 100 percent rate because it determined he was "unemployable."  The ALJ expressly considered but declined to adopt the VA's rating of total disability because it was not based entirely upon medical evidence and because he was not convinced that the VA's vocational

2

assessment of "unemployability" was determined using the criteria set forth in regulations controlling disability benefits determinations. To the extent that Plaintiff's VA benefit payment rate was based upon vocational, rather than medical, factors, it was a non-medical opinion which is not entitled to the deference due a medical determination of disability. See Loya v. Heckler, 707 F.2d 211, 214 (5th Cir. 1983) (holding that opinions from medical professionals based upon vocational considerations are not authoritative); see also 20 C.F.R. § 404.1527(e)(2). We find the ALJ's stated reasons for declining to give Barraza's VA rating controlling weight sufficient.

4. As Barraza's Title II insured status expired on March 31, 1978, he must establish that he became disabled on or before that date to be eligible for benefits. See Ivy v. Sullivan, 898 F.2d 1045, 1048 (5th Cir. 1990). Evidence showing a degeneration of a claimant's condition after the expiration of his Title II insured status is not relevant to the Commissioner's Title II disability analysis. See Torres v. Shalala, 48 F.3d 887, 894 n.12 (5th Cir. 1995). However, an ALJ may not refuse to consider retrospective medical diagnoses uncorroborated by contemporaneous medical reports but corroborated by lay testimony. See Likes v. Callahan, 112 F.3d 189, 190-91 (5th Cir. 1997). We do not think that the ALJ ran afoul of Likes in this case. The only corroborating lay evidence before the ALJ was Barraza's own claims, which the ALJ found "not entirely credible." The statements of his former employers that Barraza could not physically perform light or medium capacity work do not corroborate Barraza's claims of a disabling mental impairment or disabling pain. Moreover, substantial evidence—particularly the 1973 neuropsychiatric evaluation of Barraza by Dr. James Webb—supports the ALJ's

3

conclusion that Barraza's symptoms prior to his date last insured were not severe enough to enable a diagnosis of a mental disorder. Thus, substantial evidence supports the ALJ's conclusion that any impairment from which Barraza suffered during the relevant time period was not severe. Accordingly, it was unnecessary for the ALJ to employ a medical advisor to determine an onset date of disability, because the ALJ determined Barraza was not disabled.

5.  The ALJ properly relied on the testimony of a vocational expert in concluding that there were a significant number of jobs existing in the national economy that Barraza could perform despite his limited functional capacity, and his decision is supported by substantial evidence. See Leggett v. Chater, 67 F.3d 558, 565 (5th Cir. 1995); Vaughan v. Shalala, 58 F.3d 129, 131-32 (5th Cir. 1995). Additionally, the ALJ's conclusion that Barraza does not suffer from a tremor in his right hand is supported by substantial evidence, as no medical examinations have revealed any restrictions or limitations on the use of his right hand. Thus, the ALJ did not err by failing to include a right hand tremor in the hypothetical question posed to the vocational expert regarding the existence of sedentary jobs not requiring bimanual dexterity. Cf. Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).

6.  Barraza's claims that he should have been found disabled based on an example formerly included in the regulations is unconvincing. The ALJ's reliance on specific testimony from a vocational expert which addressed the specific limitations assessed by the ALJ demonstrates his decision was supported by substantial evidence. We find no legal error in the ALJ's failure to defer to an example, which is unsupported by a fully developed

4

record and has since been deleted from the regulations, particularly when the ALJ relied on specific, reliable evidence to arrive at his ultimate conclusion.

7. Once the ALJ determined that Barraza suffered from a medically determinable impairment, he was required to make a finding on Barraza's credibility based on the entire record because Barraza's statements regarding his pain and level of impairment were not substantiated by objective medical evidence. Social Security Ruling 96-7p. The ALJ determined that Barraza had completed a nine-month vocational course and attempted to work at light and medium capacity occupations during the relevant time period. We conclude these reasons are sufficiently specific to support the determination that Barraza's statements that he was in disabling pain were not entirely credible, and thus he can perform sedentary occupations not requiring bimanual dexterity.

8. We do not agree that the ALJ improperly considered Barraza's unsuccessful work attempts in violation of Social Security Ruling 84-25. That ruling prevents an ALJ from considering unsuccessful work attempts as proof of an ability to perform gainful employment. It does not suggest that a claimant's attempts to do medium or light capacity work cannot call his statements of "disabling pain" into question.

9. Barraza's claim that the ALJ failed to properly defer to the opinions of treating and examining physicians is without merit. Nothing in the opinions of the treating physicians identified by Barraza indicates that Barraza's residual functional capacity prevented him from performing even sedentary work not requiring bimanual dexterity. Although Barraza contends the ALJ failed to give greater weight to the opinions of psychiatric specialists than to the opinion of Marvin L. Morris, Ed.D., the ALJ noted that James Webb, M.D.

5

was unable to diagnose Barraza with a mental disorder after a neuropsychiatric evaluation in 1973. Moreover, the circumstances of this case did not require the ALJ to obtain additional evidence from Barraza's treating physicians.

10. Lastly, Barraza contends the ALJ erred by failing to complete a Psychiatric Review Technique Form (PRTF). Barraza acknowledges that the regulation requiring a PRTF has been repealed, but contends that an ALJ's failure to complete the standard document formerly required is grounds for reversal and remand. We cannot agree. In place of the former provision, the regulations now require that an ALJ's decision must include a specific finding on the degree of limitation in activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), (e)(2). As the ALJ concluded that Barraza experienced only slight restrictions on his daily activities and maintaining social functioning, slight deficiencies in concentration, persistence, and pace, and no episodes of decompensation, his decision comports with the regulations currently in force and is supported by substantial evidence.

AFFIRMED.

6