**Bonnie E. WHITE, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 04–G–0049–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Oct. 6, 2004.

Mary Neal Reynolds, Cox & Reynolds LLC, Birmingham, AL, for Bonnie E. White, plaintiff.

Alice H. Martin, U.S. Attorney, Winfield J. Sinclair, U.S. Attorney's Office, Birmingham, AL, for Jo Anne B. Barnhart, Commissioner of Social Security Administration, defendant.

GUIN, District Judge.

### MEMORANDUM OPINION

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, was filed May 18, 2001, as was an application for SSI as provided under Section 1601 of the Act, 42 U.S.C. §§ 1381 *et seq.* These applications were denied initially and upon reconsideration. Request for a hearing before an administrative law judge [hereinafter ALJ] [Jerome L. Munford] was granted, and a hearing was held March 10, 2003. The ALJ's decision to deny benefits was handed down July 23, 2003. Plaintiff's request for review by the Appeals Council was denied November 6, 2003. An appeal to this court followed.

Plaintiff is a 45 year old female with a GED. Past relevant work experience is as a security guard (semi-skilled work at light exertional level), kennel attendant (un-

---

**1.** 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applica- ble to claims for Supplemental Security Income [hereinafter SSI].

skilled work at light exertional level), and cleaner (unskilled work at light exertional level).[2] She claims disability due to interstitial cystitis syndrome [3], bladder problems, and diarrhea.[4]

▆ The ALJ has included a complete picture of plaintiff's problems and activities, set forth below, in his decision: [5]

> ... She stated that she has soreness and tenderness in her right side as well as bladder problems due to nerve damage from undergoing a hysterectomy. She stated that she experiences discomfort and cramps. She testified that she cannot work due to chronic pain from interstitial cystitis syndrome. She testified that she frequently has to urinate, 3 to 5 times per hour, and sometimes more if she drinks liquids. She testified that she has diarrhea that occurs three times a week lasting 3 to 4 hours per day. She stated that the diarrhea is caused by her medications. She said that she has been treated with several different medications and received bladder injections, but still has a lot of pain.

She described the pain as constant, occurring during the daytime and nighttime. She told me that the pain is not precipitated or worsened by any type of activities. She stated that she will lie down 2 to 3 hours a day and take hot baths at least twice a day to help the pain, but if no pain relief occurs, she will use ice packs and sit in the recliner. She testified that she has constant headaches possibly due to interstitial cystitis. She testified that she also feels tired and sometimes wakes up tired. She described having constant fatigue for the last two months. She classified her pain on a scale of 1 to 10 as a level 7 during the daytime and as a level 3 when lying down. She testified that even though she takes medication to control her bladder, she wears Depends and frequently has to change clothes due to having accidents. She stated that she takes a change of clothes with her when she leaves the house because sometimes she has an urge to urinate without warning.[6] Concerning daily activities, she reported that in the morning she makes coffee

2. Vocational expert Norma D. Stricklin classified the skill and exertional level of plaintiff's past relevant work. She opined that other than the security guard position plaintiff's skills were not transferrable.

3. Interstitial cystitis [IC] is a chronic, severely debilitating disease of the urinary bladder. Excessive urgency and frequency of urination, suprapublic pain, dyspareunia, chronic pelvic pain and negative urine cultures are characteristic. The course of the disease is usually marked by flare-ups and remissions. Julius F. Matts, *Interstitial Cystotis: Urgency and Frequency Syndrome*, American Family Physician, *at* http://www.aafp.org/afp/20011001/1199.html (visited October 4, 2004).

Interstitial cystitis syndrome is chronic inflammation of the bladder that can occur by itself or in conjunction with other autoimmune diseases such as Fibromyalgia, Urethral Syndrome, Vulvodynia, Scleroderma, Lupus, and Sjoggren's Syndrome. Symptoms include bladder spasms (which can be very painful), bladder frequency, bladder pain, low bladder capacity, and incontinence. Although there is **no known cure** several medications have reduced patients' symptoms. *Interstitial Cystitis, at* http://www.b-p-s-a.org.uk/interstitial_cystitis.htm (visited October 24, 2004); *Scleroderma A to Z, at* http://www.sclero.org/medical/ symptoms/associated/interstitial-cystitis/a-to-z.html# what-is (visited October 4, 2004).

4. The ALJ has found she has these impairments.

5. The court felt the ALJ's exact words were important to the decision.

6. At no place does the ALJ give any reason challenging plaintiff's credibility. *See* SSR 96–7p, Policy Interpretation Ruling (effective July 2, 1996), *Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements.*

and wakes her daughter up for school. She stated that sometimes she goes back to bed after seeing her family off to work and school. She testified she takes care of her own personal hygiene, cooks and does the housework, taking breaks due to giving out. She testified that she likes doing yard work but cannot do it lately due to lack of strength. She stated that in the evening, [sic] she helps her daughter with her homework. She testified that she visits her mother and sometimes socializes with friends. She also stated that on a good day, she will drive her husband to work and pick him up after work. Ms. Scott [sic] testified that lifting things is a problem, so her family helps with the grocery shopping. She stated that if she lifts more than 2 to 5 pounds, [sic] her back will ache and hurt. She testified that she can only sit 15 minutes, stand 15 to 20 minutes and walk up to 20 minutes due to her back hurting and feeling weak.[7, 8]

■ Vocational expert Stricklin testified frequent unscheduled breaks (3 to 5) because of problems with diarrhea and the need to urinate would have a negative vocational impact on plaintiff because "she's just not there at the job—." If she had to lie down at work she would be precluded from working. "She would be unable to meet employer tolerances for work activities." "If her pain level were moderately severe to severe she would not be capable of working." The ALJ barely mentioned the vocation expert's testimony[9] or conclusions in his opinion other

("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.")

7. The ALJ concluded that plaintiff's account of her daily activities "undermined" her assertions of disability. These daily activities, however, take place in and within the privacy of her home and in the presence of family members. Her daily activities do not prove that she can work. In *Hogard v. Sullivan*, 733 F.Supp. 1465, 1469 (M.D.Fla.1990), the court concluded the following:

The fact that a disability claimant is able to sustain a family relationship certainly does not demonstrate a capability for sustained gainful work where there are debilitating impairments present. (In *Hogard* the claimant married, adopted a child, had a child of his own, and cared for the two children while his wife worked outside the home. His daily activities are certainly more extensive than those of plaintiff.)

8. The Eleventh Circuit has rejected the idea that "participation in everyday activities with short duration, such as housework or fishing, disqualifies a claimant from disability ...." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir.1997). *See also, Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir.1978) (The ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in "substantial gainful activity" so as to preclude disability benefits under the Social Security Act); *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir.1996) ("We have repeatedly held ... that 'the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work.'")

9. Our circuit has recognized that the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert. *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981). By the same reasoning, the testimony of the vocational expert can be used to demonstrate that the claimant is unable to perform any job. In *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir.1985), the court said the following:

Referring to *Johnson v. Harris*, 612 F.2d 993 (5th Cir.1980), our court in a similar case to this one has said: "[w]e held that unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical

than saying Ms. Stricklin opined claimant could return to her past relevant work as a security guard. ALJ Munford omitted conclusions elicited from her complete testimony letting the earlier unqualified statement stand as her final conclusion.

The ALJ concluded plaintiff has the functional capacity to perform light work activity which allows for a temperature controlled environment; occasional bending, squatting, climbing, stooping and crawling; and no push/pull movements with the upper and lower extremities. Her pain is no greater than "mild to moderate." In reaching its decision the court notes that ALJ Munford set forth record evidence of evaluation, treatment, or surgical procedures performed by urologist Leon Hamrick, Jr.; Dr. Earl W. Stradtman, Jr.; gynecologist C. Paul Perry; and consultant Dr. Jack Zaremba. It is not necessary for the court to go further into plaintiff's medical records.

■ "The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' "

limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence." *Brenem v. Harris,* 621 F.2d 688, 690 (5th Cir.1980).

*Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984).

■ The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987), the court held:

Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges,* 815 F.2d at 624; *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

■ Having evaluated the evidence, the court holds that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied.

1) The ALJ failed to follow the pain standard set by the Eleventh Circuit.[10] He failed to articulate reasons

10. Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:
   1. evidence of an underlying medical condition and either

for failing to accept plaintiff's pain testimony.

2) In the case at bar the ALJ found plaintiff has interstitial cystitis, but failed to make a finding of disability on this impairment. *See* SSR 02–02, Policy Interpretation Ruling (effective November 5, 2002), *Titles II and XVI: Evaluation of Interstitial Cystitis.* "This Ruling explains that IC (a complex, chronic bladder disorder), when accompanied by appropriate symptoms, signs, and laboratory findings, is a medically determinable impairment that can be the basis for a finding of 'disability.' " Number 3, below, takes this a step further.

3) While finding plaintiff has "severe" impairments of interstitial cystitis syndrome, bladder problems, and diarrhea the ALJ failed to find that plaintiff's IC is a severe disabling impairment pursuant to SSR 02–02, Policy Interpretation Ruling (effective November 5, 2002), *Titles II and*

*XVI: Evaluation of Interstitial Cystitis,* Sequential Evaluation: Step 2, Severe Impairment. "IC is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." See # 4 below.

4) The ALJ failed to follow the opinion of vocational expert Stricklin that plaintiff is unable to work because of the many bathroom breaks she must take. *See also* SSR 02–02, Policy Interpretation Ruling (effective November 5, 2002), *Titles II and XVI: Evaluation of Interstitial Cystitis,* Sequential Evaluation: Steps 4 and 5, Assessing Functioning in Adults. IC can cause limitation of function. The functions likely to be limited depend on many factors, including urinary frequency and pain. The RFC assessments must consider maximum

---

2. objective medical evidence confirming the severity of the alleged pain arising from that condition or

3. that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

*Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). See also *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir. 1991); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988); *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir.1985).

More recently, in *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir.2002), the court announced the pain standard as follows:

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

In *Brown v. Sullivan,* 921 F.2d 1233 (11th Cir.1991), the court said:

The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987); *MacGregor,* 786 F.2d at 1054; *Landry v. Heckler,* 782 F.2d 1551, 1552 (11th Cir.1986). If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale,* 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir. 1988); *Hale,* at 1011; *MacGregor,* at 1054.

Plaintiff has underlying medical conditions found by ALJ Munford (interstitial cystitis, bladder problems) which can reasonably be expected to cause her pain.

remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

5) The ALJ failed to give explicit explanatory reasons why he did not find the testimony of plaintiff credible. See n. 6 at 4.

For the reasons set forth above the court HOLDS that the decision of the Commissioner is REVERSED. An order consistent with this opinion is being entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be granted the benefits claimed.

It is FURTHER ORDERED that the Commissioner withhold from payments which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause.

It is FURTHER ORDERED that pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby GRANTED an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*