[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15305
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00821-SRW

DESSIE ANTONYA BROWN-GAUDET-EVANS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 8, 2016)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

In January 2011, Dessie Brown-Gaudet-Evans applied for Disability

Insurance Benefits ("DIB").  The Social Security Administration ("SSA") denied

her claim after a hearing before an Administrative Law Judge ("ALJ").  The

district court affirmed the denial, and this is Brown-Gaudet-Evans's appeal.  She

argues that the ALJ erred by according "little weight" to the Department of

Veterans Affairs's ("VA") determination that she was disabled and that the ALJ's

finding she still had the residual functional capacity ("RFC") to perform a full

range of light work was not supported by substantial evidence.  After careful

review, we reverse and remand.

## I.

We review SSA decisions to determine if they are supported by substantial

evidence, but review de novo the legal principles upon which the decisions rest.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

"Substantial evidence is less than preponderance, but rather [is] such relevant

evidence as a reasonable person would accept as adequate to support a

conclusion."  Id.  This review is limited and does not involve finding new facts,

determining credibility, or reweighing the evidence.  Id.  The person claiming

Social Security benefits bears the burden of proving an eligible disability.  Id.; 20

C.F.R. § 404.1512(a).

## II.

Brown-Gaudet-Evans first argues that the ALJ erred in according "little

weight" to the VA's disability determination, because disability determinations by

2

other agencies are entitled to "great weight."  Because this argument is about the legal principles upon which the ALJ based his decision, we review it de novo.  See Moore, 405 F.3d at 1211.

The VA determined in 2003 that Brown-Gaudet-Evans was rated at 80% for a military-service-connected disability and 100% for unemployability.  On that basis, the VA granted her "Individual Unemployability."  The ALJ stated: "The undersigned has considered this [VA] opinion, noting that such program has different criteria for deciding whether an individual is 'disabled' or 'unemployable', and, therefore, gives this opinion little weight."

The ALJ erred.  It is the law of this Circuit that "[a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidence that should be given great weight."  Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted); see also 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the SSA).  It is not disputed that the VA's "disability" determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it "little weight."  Therefore, the ALJ erred.

On remand, the ALJ is not required to give the VA's disability determination controlling weight.  In making his own determination of whether Brown-Gaudet-

3

Evans is disabled, however, the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination. See Rodrgiuez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981) ("A VA rating of 100% disability should have been more closely scrutinized by the ALJ.").

## III.

Brown-Gaudet-Evans next argues that the ALJ's RFC determination, that she could perform the full range of light work, was not supported by substantial evidence. She says that the ALJ selectively cited to records about the effects of her carpal tunnel syndrome and recurrent ganglion cysts in her wrists. She also asserts that the ALJ erred when he failed to include limitations caused by fibromyalgia in his RFC determination. We review the ALJ's decision for substantial evidence. Moore, 405 F.3d at 1211.

SSA regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Part of this process required the ALJ to perform an RFC assessment based on all the relevant evidence in a claimant's record. Id. § 416.945(a). The fourth step of the process required the ALJ to use the RFC assessment to determine whether Brown-Gaudet-Evans could perform past relevant work, which in her case was "light work." See id.; id. § 404.1567(b). "Light work" is defined as involving "lifting no more than 20 pounds

at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Id. § 404.1567(b). A job in this category may require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." Id. A claimant "must have the ability to do substantially all of these activities" to be deemed capable of "light work." Id. The claimant bears the burden of showing that she cannot perform past relevant work. Moore, 405 F.3d at 1211.

Claims to establish disability based on pain or other subjective symptoms must meet a "pain standard" that requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). Under SSA regulations, if the ALJ determines a claimed impairment could reasonably produce the pain or other symptoms, then the ALJ must evaluate the extent to which the intensity and persistence of those symptoms limit the ability to do work. 20 C.F.R. § 404.1529(a). The ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements made by medical sources, and other evidence of how the pain affects the claimant's daily activities and ability to work. Id. § 404.1529(c). Testimony supported by medical evidence

that satisfies the pain standard is sufficient to support a finding of disability. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). If the ALJ decides to discredit a claimant's testimony about her symptoms, the ALJ must adequately explain the reason for doing so. Id. at 1561–62.

## A.

Substantial evidence supported the ALJ's determination that Brown-Gaudet-Evans's impairments of carpal tunnel and ganglion cysts still permitted her to perform light work during the relevant time period. The ALJ fully reviewed the evidence of Brown-Gaudet-Evans's recurrent ganglion cysts. He found that the surgeries to remove them relieved her pain, that she was noted to be "doing well" in her post-operation appointments, and that X-rays in 2003 indicated no problems. As a result, the ALJ determined that no manipulative limitations were necessary and Brown-Gaudet-Evans could perform the full range of light work.

Brown-Gaudet-Evans points to a physical therapy intake evaluation and supports her argument by pointing to an injury she suffered while using hedge clippers, which she says shows her low hand strength. However, Brown-Gaudet-Evans asks us to reweigh the evidence, which the scope of our review does not permit. See Moore, 405 F.3d at 1211. The ALJ's decision was based on relevant evidence that was adequate to support his conclusion, and that is as far as our review may go. See id.

6

B.

On the other hand, substantial evidence did not support the ALJ's finding at step four that the intensity and persistence of Brown-Gaudet-Evans's fibromyalgia symptoms did not limit her ability to do light work. The ALJ based his findings that Brown-Gaudet-Evans's statements about the severity of her fibromyalgia symptoms were not credible and that she could perform a full range of light work on the absence of records from the rheumatologist Brown-Gaudet-Evans was referred to; the evidence that Brown-Gaudet-Evans's fibromyalgia "has been treated conservatively with medication;" and his conclusion that "[n]othing in the record" suggested that Brown-Gaudet-Evans's symptoms could not be alleviated with the use of medication.

The record contradicts these findings. First, the record shows there were some notes from the rheumatologist. And there were also notes from other doctors repeatedly diagnosing Brown-Gaudet-Evans with fibromyalgia and prescribing various medications to treat its symptoms. Second, the record contained evidence to suggest Brown-Gaudet-Evans's symptoms could not be alleviated with the use of medication. Indeed it was the ineffectiveness of at least seven different medications that resulted in Brown-Gaudet-Evans being referred to a rheumatologist.

7

This Court has recognized that fibromyalgia, a chronic pain illness, is usually diagnosed based on an individual's described symptoms because the "hallmark" of the disease is "a lack of objective evidence." Moore, 405 F.3d at 1211. This Court has also said that a claimant's testimony supported by medical evidence that satisfies the pain standard is sufficient to find a disability unless the ALJ adequately explains otherwise. See Foote, 67 F.3d at 1561–62. In light of the contradictions in the record, the ALJ failed to adequately explain why he did not credit Brown-Gaudet-Evans's testimony as to her pain. See id. On this record, the ALJ's determination that Brown-Gaudet-Evans's fibromyalgia symptoms did not prevent her from performing the full range of light work was not supported by substantial evidence.

## IV.

The ALJ erred by giving the VA's determination "little weight," and his findings about Brown-Gaudet-Evans's fibromyalgia symptoms were not supported by substantial evidence. We therefore reverse and remand for the ALJ to reconsider at steps four and five whether Brown-Gaudet-Evans has the RFC to perform her past relevant work or other available work.

**REVERSED AND REMANDED.**